## 4903. SMITH *v.* CITY OF ATLANTA.

The evidence was not legally sufficient to establish guilt, and the finding of the recorder was, therefore, contrary to law, and, on certiorari, should have been reversed by the superior court.

DECIDED JUNE 10, 1913.

Certiorari; from Fulton superior court—Judge Bell. March 28, 1913.

*John S. McClelland,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

HILL, C. J. Mamie Smith, a colored woman, was adjudged guilty by the recorder of Atlanta of a violation of section 1489 of the City Code of Atlanta (1910), which prohibits the keeping on hand of intoxicating liquors for the purpose of illegal sale. On certiorari the finding of the recorder was affirmed by the superior court, and this writ of error challenges the correctness of the judgment of affirmance. No special error of law is complained of, the contention being solely that the finding of the recorder was without any evidence to support it. The evidence is as follows: A police officer went to the house of the accused and found ten half-pints of whisky concealed in a chimney, in a place where several bricks had been taken out. The accused, being questioned at the time, first said that there was no whisky in her house; and when the whisky was found she claimed that it belonged to her, but she subsequently stated that it belonged to a railroad man. In addition to the whisky a small quantity of beer was found. The recorder admitted in evidence, over objection of the accused, the following testimony of a policeman: "I stay in the Station Sergeant's office, and a woman called me up and told me her name was Millie Ann Murphy, and said that she had bought a half pint of whisky from Mamie Smith, and if we would go there we would find it in the right-hand room, in the closet; and we went there and found it exactly where she

said we would find it." The woman, Millie Ann Murphy, was introduced as a witness by the city, and she denied that she had made this statement to the officer, or had bought any whisky from the accused. The testimony of the policeman may have been admissible for the purpose of impeaching Millie Ann Murphy, after proper foundation, but it certainly could have had no probative value whatever in proving the substantive fact charged against the accused. Indeed, counsel for the city, in the briefs submitted to this court, do not even rely upon it for any purpose. They rely upon the finding of the whisky in the house of the accused and upon the contradictory statements made by her about it, and contend that the three conflicting statements,—that there was no whisky in the house, that it was hers, and that it belonged to a railroad man,—raised a presumption against her that it was being kept for an illegal purpose. While these circumstances were unquestionably suspicious, it can not reasonably be contended that they were sufficient to exclude every other reasonable hypothesis than that of guilt. In every court of this State, including the recorder's court of a municipality, parties on trial are entitled to the presumption of innocence, and should not be convicted upon merely suspicious circumstances. When circumstantial evidence alone is relied on to convict, the circumstances should be sufficient to exclude every other reasonable hypothesis than that of the guilt of the accused; and this is true even though the charge be that of violating the prohibition law. The rule of evidence is elementary and protects all persons in any court, on trial for any offense, either against the laws of the State or against the ordinances of a municipality. We are therefore constrained to differ from the conclusion which the recorder came to in his finding, and to hold that the certiorari should have been sustained by the judge of the superior court. *Walker* v. *Dalton*, 7 *Ga. App.* 417 (66 S. E. 984) ; *Cain* v. *Cordele*, 8 *Ga. App.* 433 (69 S. E. 578).  *Judgment reversed.*