### 35360. RAHAL *v.* THE STATE.

GARDNER, P. J. John Rahal, the defendant herein, was convicted in the City Court of Savannah for unlawfully selling malt liquors, beer, on Sunday, March 21, 1954. The case is before this court for review on the overruling of his motion for new trial on the general grounds. It is contended by the defendant that the evidence against him was purely circumstantial and not sufficient to sustain the verdict of guilty. Police officer Johnson testified on behalf of the State: On the Sunday in question, he and another policeman went by the place of business of the defendant; he saw a man (Mr. Edwards) go into the defendant's place of business empty-handed; witness followed Edwards into the place of business within two or three minutes; when witness got into the store, he discovered Edwards with a dry paper bag with six cans of cold beer therein; Edwards was preparing to leave the store; the cans were cold and wet and sweating; the paper bag was dry; then, upon being questioned by the officer, Edwards first said the bag contained cigarettes but, when the officers found beer in the bag, Edwards said he got the beer from "around the corner"; the officers investigated a store across the street but found no beer; the defendant had a drink box in his place with six or more cans of cold beer therein; some of the cans were the same brand as Edwards had in the paper bag. Sergeant Veronee testified that he also observed Edwards with the dry sack containing cold beer inside the store; that the defendant was behind the counter in the store writing on a pad, and the defendant turned and gave Edwards some money, "If I am not mistaken, a quarter change." The paper bag was dry; the beer cans had been out of the cold water just long enough to sweat, but the bag was not wet inside; the officers put the defendant in the wagon; then the bottom of the bag burst open by getting wet; Edwards had nothing in his hands when he went into the defendant's place of business; the defendant had this cold Budweiser in his ice box in cans; the beer Edwards had in the bag was Budweiser in the same type of cans. The witness testified: "We had been there and notified him [defendant] that we had had complaints that he was selling beer and wine on Sundays. . . He [meaning the defendant] said he lived in the rear of the place . . . we told him that, if he was going to have beer and wine there . . . he would

have to put it in a separate part of the store where he could have the door shut from the outside, on the side of the street." A. A. Edwards testified for the defendant that he left his home and went to the defendant's place of business, which was about a two-or-three minutes' walk; he had with him six cans of beer; he went into the place of business of the defendant for the purpose of buying some cigarettes. The defendant made a statement denying selling beer on Sunday, and denied selling beer to Mr. Edwards on the Sunday in question. He stated that Edwards bought the beer at a store across the street from the defendant's place of business.

While the evidence is somewhat conflicting and might be termed circumstantial, it is sufficient to support the jury's verdict of guilty. A fine of $200 was imposed and, upon failure to pay the fine, the defendant was to serve six months in a Public Works Camp. The court did not err in refusing a new trial on the general grounds only.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 27, 1954.

*James N. Rahal, E. J. Goodwin,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson, Jr., Assistant Solicitors-General,* contra.