### 36241. MARTIN *v.* THE STATE.

DECIDED JUNE 12, 1956.

*Jack S. Davidson, H. W. Davis,* for plaintiff in error.

TOWNSEND, J. It was held in *Easterwood* v. *State,* 83 *Ga. App.* 400 (63 S. E. 2d 689), that the presence of 175 cans of beer on the premises, 103 being refrigerated, together with about 500 empty cans in the vicinity, did not constitute circumstantial evidence of possession of beer for the purpose of sale sufficient to support a conviction. The evidence in the present case shows a total of 284 cans of beer, 72 being refrigerated, and between 100 and 200

empty cans on the premises. The circumstances of the case are as consistent with the defendant's explanation that he and his friends were having a party as with the State's theory that he was selling beer without a permit. Mere possession of beer is legal, and mere possession, where other elements from which an inference of intent to make an illegal sale are absent, is insufficient to convict. In *Cain* v. *Mayor &c. of Cordele*, 8 *Ga. App.* 433, 435 (69 S. E. 578), the evidence concerned a 100-pint drum of liquor, as to which the court held: "The mere fact that he [the defendant] had possession of the liquor would not raise any presumption that he intended to violate the law by selling it, or to keep it on hand for the purpose of illegal sale. It is true the amount of liquor was large, but this evidence alone would only raise a suspicion that the defendant did not want it exclusively for his own use, and this suspicion would not necessarily embrace a violation of law." See also *Fain* v. *City of Atlanta*, 8 *Ga. App.* 96 (68 S. E. 619); *Smith* v. *City of Atlanta*, 12 *Ga. App.* 816 (78 S. E. 472).

The evidence was insufficient to sustain the conviction, and the trial court erred in denying the motion for a new trial. The special ground of the amended motion is without merit.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*