37005, 37006.   FOUTS *v.* THE STATE (Two Cases).

Decided January 20, 1958.

*Wesley R. Asinof*, for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Sidney O. Smith*, contra.

GARDNER, Presiding Judge. Counsel for the defendant contends that the evidence in this case in insufficient to sustain the conviction under the authority of *Martin* v. *State*, 94 *Ga. App.* 53 (93 S. E. 2d 362). With reference to that case there was only one single instance involved. There the defendant claimed that he was having a private party, whereas in the instant case the sheriff testified that he visited the defendant's place every week and that he found approximately the same situation existing on each occasion with the exception that sometimes there were more people present than at other times. Counsel cites *Easterwood* v. *State*, 83 *Ga. App.* 400 (63 S. E. 2d 689) as authority for reversal. It will be noted by reading the opinion in that case that the beer was found in a private home, whereas in the instant case the defendant's place of business was in the country some distance from the defendant's home. Counsel cites also *Fain* v. *City of Atlanta*, 8 *Ga. App.* 96 (68 S. E. 619), and *Smith* v. *City of Atlanta*, 12 *Ga. App.* 816 (78 S. E. 472). The facts in those cases are quite different from the facts in the instant case, and those cases are not authority for a reversal of the instant case. There was not sufficient evidence in the instant case that the beer was for personal use, and there was no sufficient explanation of the presence of the large amount of beer in the place. See *Rahal* v. *State*, 90 *Ga. App.* 727 (83 S. E. 2d 825). Frequent presence of quantities of beer is sufficient to meet the circumstantial evidence rule of Code § 38-109.

The court did not err in denying the motion for new trials in both cases.

*Judgments affirmed. Townsend and Carlisle, JJ., concur.*