## 45989.   TERRY v. THE STATE.

EVANS, Judge. This is an appeal of a denial of a motion to suppress certain evidence in an indictment against the defendant for the possession of beer for the purpose of illegal sale. Counsel for the defendant made a verbal motion to suppress the evidence obtained during an alleged illegal search and seizure of the defendant's residence on the grounds that the search warrant was defective in that it made no mention of any probable cause; that it was stale, and the revenue agents failed to make an inventory of the beverages seized as required by Title 58, § 728 of the Annotated Code," in giving a receipt for the goods seized to the defendant and to post a receipt at the defendant's home.

The affidavit for search warrant set forth the following facts which it is contended established grounds for issuance, to wit: "Hubert Terry is a known violator of State liquor Laws, having been caught numerous times in recent years. He has always

plead guilty to possessing and selling alcoholic beverages. The Sheriff's Dept [sic] has had numerous complaints that he is selling illegal beer and whiskey, and State Revenue Agents have observed heavy traffic and large amounts of empty beer cans on the road around his residence. On February 2, 1970, Dan Lingerfelt went to Hubert Terry's residence and purchased 6 cans of 16 oz Budweiser Beer for $3.00, money being furnished by Sheriff Donald Pirkle and beer turned over to him for safekeeping." This affidavit was subscribed on June 23, 1970, and the warrant issued thereon was executed on June 25, 1970. *Held:*

The law requires sufficient information set forth in an affidavit for search warrant to enable the magistrate to make an independent determination as to whether probable cause exists for the issuance of a search warrant. One of the tests as to whether the magistrate is enabled to make an independent judgment as to probable cause is as to whether or not the information therein is "current or stale." This question has been very thoroughly discussed in the recent case of *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447), which, inter alia, holds: "The court proceeded to point out that it was not necessary that the precise date of the occurrence be given but it should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant." And further, at page 24: "While the statute does not fix the time within which proof of probable cause must be taken by the judge or commissioner, it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." In the case sub judice it is alleged that numerous complaints have been made to the Sheriff's Department that the defendant is selling illegal beer and whiskey, and that heavy traffic and large amounts of beer cans had been observed on the road around his residence. But absolutely no date is set forth as to when the complaints were received or as to when the heavy traffic and beer cans were observed. In the *Fowler* case, supra, it is stated: "Absent any statement in the

affidavit as to the time of the occurrence in question, the magistrate could not make an independent determination as to whether probable cause still existed for the issuance of the search warrant."

While the affidavit does state that Dan Lingerfelt purchased 6 cans of beer on February 2, 1970, this could hardly be classified as "fresh" information because the warrant was not sworn out until more than 4 months later, to wit: on June 23, 1970. The evidence delivered at the hearing by Sheriff Pirkle on this question shows that two months elapsed between the observance of the heavy traffic and the issuance of the warrant, but this cannot afford a basis for probable cause as the magistrate did not have the benefit of this testimony at the time he issued the warrant. Under the foregoing statement of facts the search warrant was invalid.

Further, the law (Ga. L. 1937, p. 148; *Code Ann.* §§ 58-727—58-730) makes certain requirements for the way or manner in which malt beverages are seized and disposed of in that it requires: (a) The agents making the seizure shall take a receipt from the sheriff for the goods so seized; (b) A receipt shall be given to the person from whom said goods were seized; (c) The place of seizure, and a description of the goods seized, and a duplicate of said receipt shall be filed in the office of the State Revenue Commissioner, which shall be open to public inspection; and (d) A copy of said receipt shall be posted at the place of seizure. A claim could have arisen which might have voided the accusation or indictment. It was admitted that none of these requirements was complied with and this is an additional reason why the motion to suppress should have been sustained.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

ARGUED MARCH 2, 1971—DECIDED APRIL 30, 1971.

*Garrett & Spence, D. William Garrett, Jr.,* for appellant.
*C. B. Holcomb, District Attorney, B. B. Robertson,* for appellee.