## 46912. McMAHAN v. THE STATE.

BELL, Chief Judge. The defendant was indicted for having in his possession more than 1,440 fluid ounces of beer upon which the taxes had not been paid. Ga. L. 1971, p. 817 (*Code Ann.* § 58-726). He appeals from the judgment overruling his motion to suppress certain evidence obtained from an allegedly illegal search warrant. The trial court issued a certificate for immediate review. *Held:*

The officer who made the affidavit averred that he had probable cause to believe that defendant had in posses-

sion in his home non-tax-paid whiskey and beer. The facts recited in the affidavit by affiant, Agent Davis, to support his belief were: "In the past four weeks Agent Herman Evans and Agent Dennie Davis have watched the home of Ralph McMahan, watched white men go to Ralph McMahan's house and come out with beer in hand. On August 8, 1971, watched two white boys leave Ralph McMahan's home with a carton of beer." The affidavit was dated August 27, 1971, and the warrant was issued on the same date. The record reveals that no other facts were furnished under oath to the issuing justice of the peace. Our decision thus must rest upon the facts and circumstances set forth in the affidavit. *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 66). The law requires that sufficient facts be set forth in the affidavit to enable the magistrate to make an independent determination as to whether probable cause exists for the issuance of a search warrant. *Code Ann.* § 27-303; *Terry v. State,* 123 Ga. App. 746 (182 SE2d 513). Laying aside the question of whether the information in the affidavit was stale or too remote in point of time, we look to the affidavit to determine whether a reasonably prudent and discreet magistrate would be led to believe from the facts stated that a crime was probably being committed or probably had been committed. Bearing in mind that the crime charged against the defendant by the affiant is possession of more than 1,440 ounces of untaxed beer, the affidavit does not in any manner state any information that would reasonably lead to the conclusion that any of the beer seen in the possession of the unknown individuals departing defendant's home was non-taxed; there is no information furnished in the affidavit as to what specific quantities of beer were seen in the possession of the departees. In short, these facts fail to show when taken as a whole the reasonable likelihood of any criminal activity within the defendant's home. Mere possession of beer is not of itself illegal. See *Martin v. State,* 94 Ga. App. 53 (93 SE2d 362). The requirement of probable cause has

not been met, and the search warrant was invalid. The denial of the motion to suppress was therefore error.

*Judgment reversed. Evans, J., concurs and concurs specially. Eberhardt, J., concurs in the judgment.*

ARGUED JANUARY 31, 1972—DECIDED FEBRUARY 15, 1972.

*Auman & Miller, Roger R. Auman,* for appellant.

*Earl B. Self, District Attorney, Ralph Hill, Jr.,* for appellee.

EVANS, Judge, concurring specially. I agree with the majority opinion as to the insufficiency of evidence; but I also emphasize the staleness of the information at the time the search warrant was sworn out. The latest information as to the premises was on August 8, 1971, when two white boys were observed leaving Ralph McMahan's home with a carton of beer. The warrant was not sworn out until August 27, 1971, nineteen days later.

In *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447), it was held that: ". . . it should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant." Also see *Terry v. State,* 123 Ga. App. 746 (182 SE2d 513).

In my opinion, nineteen days is too long a lapse of time for a reasonable belief to exist that the same conditions continue to prevail. Was the house under surveillance for the nineteen days without observing anything to indicate guilt of the charge during that period? If so, we may presume the conditions ceased to exist. Was it felt that only slight or insufficient circumstances indicating guilt had been observed, and that a delay and continued surveillance might afford stronger evidence? There must have been some reason for not moving in on the suspected party earlier; and here the delay was too great.