47281.   PATTERSON v. THE STATE.

ARGUED MAY 23, 1972—DECIDED JULY 10, 1972—
REHEARING DENIED JULY 21, 1972.

*Harris, Chance & McCracken, Kenneth Chance,* for appellant.

*Kenneth E. Goolsby, District Attorney,* for appellee.

BELL, Chief Judge. ■ At the outset it is readily apparent that the search of the defendant and the seizure of the evidence from his person cannot be justified on the theory that it was incident to a lawful arrest. There was no probable cause to arrest the defendant as he was not observed in the commission of any crime. *Code* § 27-207. The validity of the search of the defendant's person must rest on the warrant that was issued, i. e., to search the person and the premises of another person. The search warrant was not directed to the search of other persons who might be found on the premises as was so in *Wood v. State,* 224 Ga. 121 (160 SE2d 368) and *Willis v. State,* 122 Ga. App. 455 (177 SE2d 487). *Code Ann.* § 27-309 provides: "In the execution of the warrant the person executing the same may reasonably detain or search any person in the place at the time: (a) to protect himself from attack, or (b) to prevent the disposal or concealment of any instruments, articles or things particularly described in the warrant." This statutory provi-

sion implicitly presupposes that a valid warrant is in existence before authorizing a search of other persons present at the place. *Wood v. State*, 224 Ga. 121, 124, supra. The law requires that the question of probable cause for the issuance of the search warrant must be independently determined by a neutral and detached magistrate and not by the officer engaged in the often competitive enterprise of ferreting out crime. Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); *Terry v. State*, 123 Ga. App. 746, 747 (182 SE2d 513). The evidence in this case unmistakably shows the absence of a determination of probable cause by the judgment of a neutral and detached magistrate. The justice of the peace testified that he did not read every word of the affidavit and admitted tht he knew nothing about an informant. The entire gist of the affidavit consists of hearsay from an informant. Obviously, the justice of the peace did not read the material parts of the affidavit since he admits he knew nothing about an informant until after the execution of the warrant. It necessarily follows that the justice of the peace did not make a neutral and detached judgment that the affidavit contained sufficient information on the vital question of probable cause. It is apparent that he left the determination of probable cause to the police, which renders the warrant void. As the warrant was invalid, the provisions of *Code Ann.* § 27-309 cannot be applied to legally sustain the search of the defendant and the seizure of the evidence from his person. It was error to deny the motion to suppress.

■ The conspiracy count of the indictment charged the defendant at the time of this search with conspiring with all others present to commit the crime of possession of marijuana and the indictment alleged as the overt act that one of the conspirators unlawfully possessed marijuana. As noted heretofore, the only marijuana shown to have been in the possession of anyone was that found on the person of Charles Bailey. There was also the evidence of the marijuana cigarette butts found in the ashtray and the odor. We need not decide whether the defendant's motion to suppress

was sufficiently broad enough to include the suppression of the above evidence, for even assuming that this evidence was admissible against this defendant, the evidence to support this count is fatally deficient. There is absolutely no evidence in the record from which it was either circumstantially or directly shown that this defendant entered into a corrupt agreement with any of his alleged co-conspirators to possess marijuana, an essential element of the crime of conspiracy. *Code Ann.* §§ 26-3201, 26-3202. All that the State has shown is that the defendant was present in the kitchen. The evidence that Bailey was in possession of marijuana in another part of the house; the cigarette butts in the ashtray; and the odor was not in any manner connected to the defendant so as to authorize an inference that he had agreed with any co-conspirator to engage in the overt act to possess marijuana. It was error for the trial court to deny the motion for directed verdict of acquittal as to this count.

■ Based upon the foregoing holdings, it appears unlikely that the alleged error which affects the sentence will reoccur and for that reason we do not pass upon it.

*Judgment reversed. Evans and Stolz, JJ., concur.*

Evans, Judge. *Addendum.* This case points up the importance of law-enforcement officers and prosecuting attorneys preparing themselves in order to properly and legally search persons and property for violation of drug laws; and seizing drugs as a consequence thereof. The evidence suggests that a large number of persons met together to engage in an illegal drug party and orgy, of which certain officers received ample advance notice. These officers, including the District Attorney, raided the party. It would seem that under such circumstances a proper and legal search warrant would have been procured; a proper and lawful arrest, search and seizure would have been made, to the end that the guilty persons could have been legally tried and convicted. There is no need for justice to be circumvented in this area because of errors induced by the carelessness of the prosecuting attorneys, and law-enforcement officers. The law as to the method of legally securing

a valid search warrant is clear and simple. The responsibility for the reversal of this case must rest on those officers who did not comply with the law respecting search warrants, seizure and arrest.