## 50288. COWART v. THE STATE.

MARSHALL, Judge.

Appellant filed a motion to suppress evidence of beer seized at the Cherokee Billiard Club, owned by appellant, on the grounds that (1) state revenue agents failed to comply with the provisions of Ga. L. 1937, pp. 148, 153 (Code Ann. § 58-728) and (2) the magistrate who issued the search warrant failed to make an independent determination of probable cause. The denial of the appellant's motion was certified for appeal. *Held:*

1. Code Ann. § 58-728 requires that the revenue agent making a seizure of illegal malt beverages give a receipt for the goods seized to the person from whom they were seized. The Code section then provides: "[A] duplicate of said receipt shall be filed in the office of the State Revenue Commissioner, which shall be open to public inspection, and a copy of said receipt shall be posted at the place of seizure." Appellant contends that because neither of these latter requirements were performed, the evidence of the seizure was inadmissible. See *Terry v. State,* 123 Ga. App. 746 (182 SE2d 513).

The evidence shows that the revenue agent, at the time of the hearing, had not sent a copy of the receipt to the commissioner because his normal procedure on "beer" cases was not to send it in until after the prosecution of the case, which he testified he intended to do. Since there is no time requirement under the statute, we see no harmful error in the delay of sending the receipt for a reasonable period of time, until the prosecution of the case has run its course, though the better practice would be to send it immediately.

The evidence also shows that the agent who executed the warrant took the receipt and "stuck it up behind the bar. I left it on a little platform there at the place." This testimony is sufficient to meet the posting requirements of Code Ann. § 58-728.

2. Appellant contends that evidence that the

magistrate who issued the warrant did not read the affidavit in detail and was in a hurry because of other warrants being applied for at the same time shows that the warrant was issued in "the absence of a determination of probable cause by the judgment of a neutral and detached magistrate." *Patterson v. State,* 126 Ga. App. 753, 755 (191 SE2d 584).

The magistrate testified that there were five or six warrants issued along with the present one, that he did not read the affidavits in each case in detail, but that he read each one and determined that the information was current, received from a reliable source and was otherwise based on probable cause. He knew "who the warrant was on and where the locale was." He testified that at the time of issuing the warrant he read the affidavit and understood what it said but that he had a difficult time at the hearing remembering each individual case.

There is no attack here on the reliability of the information given in support of the warrant, and it appears on the face of the warrant that it was based on purchases of beer made by undercover agents. This case is distinguishable from *Patterson,* supra, because in that case the record shows that the justice of the peace admitted not knowing material parts of the affidavit concerning the reliability of the information until after the search warrant was issued. No such defect exists in the present warrant.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Submitted March 3, 1975 — Decided May 9, 1975.

*Donald J. Snell, Barry W. Bishop,* for appellant.
*Stan Gault, Solicitor,* for appellee.