58219. BROWN v. THE STATE.

DEEN, Chief Judge.

Robert Thomas Brown brings this appeal following his conviction for violation of the Georgia Controlled Substances Act alleging that the trial court erred in denying his motion to suppress. *Held:*

The evidence in this case shows that appellant was found in possession of 1,650 pounds of marijuana in an airplane which he had flown into the Waycross-Ware County Airport. At the hearing on the motion to suppress, a deputy sheriff of Ware County testified that he was at the airport cleaning his own airplane when appellant landed a twin engine aircraft which seemed to fit· the description of one that was the subject of a lookout by the U. S. Customs because it was suspected of carrying marijuana. The deputy testified that he observed the pilot's suspicious behavior, prevented him from taking off, called the sheriff's department, went before a magistrate, executed an affidavit and obtained a search warrant for the aircraft. The contraband was discovered during the execution of the search warrant.

Under Code Ann. § 27-303 a warrant will issue upon a showing of facts "sufficient to show probable cause that a crime is being committed, or has been committed . . ." "The test of probable cause is whether it would justify a man of reasonable caution in believing that an offense has been or is being committed, and this requires merely a probability — less than a certainty but more than a mere suspicion or possibility. 68 AmJur2d 721, Searches and Seizures, § 68; see *Strauss v. Stynchcombe,* 224 Ga. 859, 865 (165 SE2d 302); *McMahan v. State,* 125 Ga. App. 491, 492 (188 SE2d 183). Not only what is stated in the affidavit for the warrant but also the totality of the sworn circumstances before the magistrate may be considered in establishing probable cause. *Johnston v. State,* 227 Ga. 387 (181 SE2d 42); *Campbell v. State,* 226 Ga. 883 (178 SE2d 257); *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666)." *Butler v. State,* 130 Ga. App. 469 (203 SE2d 558) (1973).

The affidavit stated: "Affiant has received information within the last 10 days from other law enforcement agencies to be on the lookout for a twin-engine, blue and white, aircraft hauling marijuana. Affiant personally observed the above described aircraft circling Waycross-Ware County Airport, refused to answer radio, landed, gave no name in purchasing gas in the amount of 320 gallons, paid cash, and when he observed affiant he acted very suspicious, jumped in aircraft, locked door, and also refused to talk with officer, and tried to taxi aircraft in violation of officer's demands to stop, and did so only when officer started to shoot out the tire, and officer, the affiant herein observed that all windows were blacked out, and therefore affiant believes he has probable cause for a search warrant."

As we must take the facts contained in the affidavit as true, *Campbell v. State,* supra, there was clearly probable cause based on the affidavit and the deputy's testimony before the magistrate to believe that a crime had been committed. Therefore, we find that the magistrate did not abuse his discretion in issuing the warrant.

*Judgment affirmed. McMurray, P. J., Banke, Birdsong and Underwood, JJ., concur. Quillian, P. J.,*

832

*Smith, Shulman and Carley, JJ., dissent.*

SUBMITTED JULY 3, 1979 — DECIDED
SEPTEMBER 19, 1979 — REHEARING DENIED
OCTOBER 19, 1979.

*Leon A. Wilson, II,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.

SHULMAN, Judge, dissenting.
Under the authority of *Franklin v. State,* 143 Ga. App. 3 (237 SE2d 425), I must respectfully dissent from the majority opinion in this case, which affirms the denial of the motion to suppress. It should be noted that although Judge Quillian and I authored separate dissents in *Franklin,* each dissent opined that probable cause did not exist at the time an arrest was effected and, at least to that extent, was in agreement with the majority holding that "probable cause for an arrest [if it did exist] did not exist until the [contraband] was actually spotted. . ." Id., p. 4.

In the instant case a general bulletin had been issued by U. S. Customs agents to be on the lookout for a "twin engine blue and white aircraft hauling marijuana." Some five days after being informed of the receipt of this bulletin by local authorities, the affiant, an off-duty officer in civilian clothes, observed the accused's blue and white plane land at the Waycross-Ware County Airport. The general bulletin, coupled with the accused's ensuing suspicious behavior (set forth in the affidavit in the majority opinion), served as the basis of the issuance of a warrant.

After diligent examination of the evidence adduced at the hearing on the motion to suppress, I am compelled to conclude that the totality of sworn circumstances before the magistrate did not support a determination that probable cause for a search existed.

The information relayed by U. S. Customs authorities is critically deficient. The aircraft was identified as a "twin engine blue and white" airplane. No further identification (e.g., manufacturer, model,

identification number, etc.) appeared. The evidence shows a lapse of about one or two weeks between the receipt of the bulletin by local authorities and the detention and seizure of the defendant's airplane. Even conceding that the officer was entitled to rely on the bulletin received from out-of-state law enforcement agencies (see in this regard *Walker v. State,* 140 Ga. App. 418 (2) (231 SE2d 386)), the information contained in the bulletin was too general and too removed in time to give rise to probable cause to believe that the accused was engaging in criminal activity when in Georgia.

The remaining circumstances recited in the affidavit and before the magistrate (the accused's nervous and suspicious behavior coupled with flight) are less compelling than those confronting this court in *Franklin,* where the description of the airplane was much more specific and there was an almost continuous surveillance of the suspected airplane. In *Franklin,* this court found probable cause lacking in the absence of a showing that contraband was in plain view. The plain view doctrine is not involved in the instant case. Therefore, in accordance with *Franklin,* there could have been no probable cause for the issuance of the search warrant in the instant case, and the motion to suppress the evidence obtained as a result of the subsequent search should have been granted.

I would reverse. I am authorized to state that Presiding Judge Quillian and Judge Smith and Judge Carley join in this dissent.