## 63583. COPELAND v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of burglarizing a Georgia Power office located in Valdosta. He now appeals the conviction, asserting that the trial court erred when it refused to dismiss a juror for cause, when it denied appellant's motion to suppress, and when it ruled that appellant's incriminating statement had been made voluntarily and was therefore admissible. We affirm.

1. In his first enumeration of error, appellant maintains that the trial court erred when it refused to dismiss a juror for cause. The juror in question spoke up when asked if being the victim of a crime would affect his ability to render a fair and impartial verdict. The trial court then asked the prospective juror if he could place his personal opinions and feelings aside and base a verdict solely on the evidence. The juror responded that it would be difficult but he probably could do so. When pressed for a more definite answer, the juror replied that he could and would base his verdict solely on the evidence adduced at trial.

Although the juror's first response to the questions put to him indicated a possible bias or prejudice on his part, the juror's opinion was not shown to be so " 'fixed and definite that it would not be changed by the evidence or charge of the court upon the trial of the case. [Cit.]' " *Sullens v. State,* 239 Ga. 766 (1) (238 SE2d 864). Thus, the trial court did not abuse the discretion with which it is vested in the conduct of the voir dire when it refused to disqualify the juror for

cause.

2. Appellant next asserts that the trial court erred when it denied his motion to suppress. Appellant first attacks the validity of the search warrant, maintaining that the magistrate did not make an independent determination of probable cause but, instead, relied on the affiant officer's conclusion that probable cause to search appellant's dwelling existed. Such an assertion is contrary to the evidence adduced at the hearing on the motion to suppress. There, the magistrate who issued the search warrant testified that he had read the affidavit, determined that the information was current and had been received from a reliable source, and concluded that there was probable cause to issue the search warrant. See *Cowart v. State,* 134 Ga. App. 757 (2) (216 SE2d 350). *Patterson v. State,* 126 Ga. App. 753 (1) (191 SE2d 584), cited by appellant, is not applicable since the defect in that case (the magistrate's admission that he was not aware of material portions of the affidavit concerning the reliability of the informant until after he had issued the search warrant) is not present in the case before us.

Conceding for argument's sake the validity of the search warrant, appellant maintains that the seizure of the evidence (a radio) used against appellant was illegal because it was not one of the items listed on the search warrant. The searching officer testified that he saw the radio in question upon entering appellant's residence and recognized it by its unusual toggle switch as one which had been stolen from the Georgia Power office. Accordingly, he seized the radio. The evidence was admitted as having been seized while in the officer's "plain view."

"A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be. [Cits.] . . . But it must be *immediately apparent* to the investigating officer that the property to be seized is contraband. 'The "plain view" doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges.' [Cits.]" *Cook v. State,* 134 Ga. App. 712, 715 (215 SE2d 728). The officer's immediate recognition of the radio as one having been reported as stolen makes the seizure lawful. Code Ann. § 27-303 (e). Cases such as *Zimmerman v. State,* 131 Ga. App. 793 (207 SE2d 220), and *Cook v. State,* supra, are distinguishable in that the seizing officers in those cases did not have probable cause to believe at the time of the seizure that the items seized were, in fact, contraband.

3. Finally, appellant contends that the trial court erred when it admitted appellant's confession into evidence after finding it to have been made voluntarily. Appellant, citing *Porter v. State,* 143 Ga. App. 640 (239 SE2d 694), asserts that the state did not place the "totality of

the circumstances" of the confession (see *Pierce v. State,* 235 Ga. 237 (3) (219 SE2d 158)) before the judge since the state did not have all of the witnesses to the confession testify at the Jackson-Denno hearing. There is no requirement that all witnesses to a confession must testify at the hearing held to determine whether the statement was voluntarily made. The missing witness in *Porter v. State* was an indispensable witness since he, "by persuading [defendants] that they could expect some leniency in return for their honesty, had encouraged them to confess their crime to the local authorities." Id., p. 641. In the case at bar, the witnesses who testified at the hearing stated that the missing witnesses to the confession only identified themselves to appellant and did not participate further in the questioning of appellant. Even appellant admits that the alleged threat which he claims caused him to confess (that his wife would be charged with theft by receiving stolen property) was made by one of the testifying witnesses and not by either of the bystanders.

Appellant also asserts that his confession was involuntarily made because he was threatened with the possibility that his wife would be arrested and charged with theft by receiving. One of the officers admitted that he "might have explained to [appellant] that [his wife] could be charged with theft by receiving stolen property." The statement made by the police officer was "a truism," "a recounting of the facts," and did not constitute a fear of injury within the meaning of Code Ann. § 38-411. See *Jarrell v. State,* 234 Ga. 410 (7) (216 SE2d 258); *Carter v. State,* 232 Ga. 654 (4) (208 SE2d 474). The trial court did not err in finding the confession to have been voluntarily made or in admitting it into evidence.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED MAY 21, 1982.

*James W. Hall, James W. Hall, Jr.,* for appellant.
*Lamar Cole, District Attorney, Greg R. Jacobs, Assistant District Attorney,* for appellee.