## 65289. BOGAN v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of attempted armed robbery and robbery by sudden snatching. In his appeal, he questions the sufficiency of the evidence and enumerates as error the denial of his motion to suppress and the failure of the trial court to conduct a hearing concerning evidence of the use of a tracking dog.

1. The evidence admitted at trial tended to show that a man carrying a gun and wearing a stocking mask entered a convenience store at midnight and ordered the attendant to give him the money in the cash register. He then grabbed the attendant's shoulder bag and ran from the store, whereupon the victim gave chase and saw him run down railroad tracks adjoining the store. A tracking dog called to the scene by a police officer followed a trail from the railroad tracks to appellant's house. When no one responded to the officer's knocks, he broke into the house and found appellant, the victim's money and purse, and a gun in close proximity to each other. This evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of attempted armed robbery and robbery

by snatching. Code Ann. §§ 26-1901 (a) (3); 26-1902 (a) (OCGA §§ 16-8-40 (a) (3); 16-8-41); Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant's motion to suppress was premised on the assertion that the police conducted an illegal warrantless search of his house.

" 'The "probable cause" requirements for a search without a warrant are the same requirements necessary for the issuance of a warrant by a magistrate.' " *Collins v. State,* 161 Ga. App. 546, 547 (287 SE2d 708). We must, therefore, look to the parameters of police knowledge at the time the search occurred to determine if that knowledge was such as would "justify a man of reasonable caution in believing that an offense has been or is being committed, and this requires merely a probability — less than a certainty but more than a mere suspicion or possibility. [Cits.]" *Brown v. State,* 151 Ga. App. 830, 831 (261 SE2d 717). Code Ann. § 27-303 (OCGA § 17-5-21).

At the motion to suppress hearing, various law enforcement officials testified that the tracking dog had followed a trail from the railroad tracks where the victim had last seen the robber to appellant's darkened house, which the officers recognized as the home of individuals who had been involved in criminal activities. The dog's handler testified that the animal's behavior indicated that the tracked individual had gone to the house and was either still there or had left. One of the deputies, who was also a locksmith, noticed that the doors were locked from the interior and concluded that someone was within the dwelling. Repeated knocking on the doors and announcements of the presence of police officers, however, brought no response from the building's occupants. An officer, peering through the windows with the aid of a flashlight, saw one five-dollar bill atop a pile of clothing.

While no one of the above factors in and of itself would support a finding of probable cause in this case, a consideration of the totality of the circumstances leads to the conclusion that there existed probable cause to search the house. See *Garrison v. State,* 122 Ga. App. 757 (178 SE2d 744).

However, "[n]o amount of probable cause can justify a warrantless search absent exigent circumstances. [Cit.]" *(State v. Pidcock,* 160 Ga. App. 643 (287 SE2d 647)), and the question of whether exigent circumstances precluded obtaining a warrant is one of fact to be determined by the trial court. *Love v. State,* 144 Ga. App. 728, 736 (242 SE2d 278). Testimony presented at the motion to suppress hearing supports the conclusion that the officers feared that evidence would be destroyed if their actions were delayed in order to obtain a warrant. Such evidence supports the trial court's denial of appellant's motion to suppress, and we must therefore uphold that

decision. *Id.*

3. Appellant also contends that the trial court erred when it refused to conduct a hearing to determine the admissibility of testimony concerning the conduct of the tracking dog used in the investigation.

It has long been established in Georgia that "[e]vidence as to the conduct of dogs in following tracks should not be admitted until after a preliminary investigation in which it is established that one or more of the dogs in question were of a stock characterized by acuteness of scent and power of discrimination, and had been trained or tested in the exercise of these qualities in the tracking of human beings, and were in the charge of one accustomed to use them. It must also appear that the dogs so trained and tested were laid on a trail, whether visible or not, concerning which testimony has been admitted, and upon a track which the circumstances indicate to have been made by the accused. When these preliminary tests have been made, the fact of tracking by a bloodhound may be permitted to go to the jury as one of the circumstances which may tend to connect the defendant with the crime with which he is charged." *Fite v. State,* 16 Ga. App. 22 (4) (84 SE 485).

At the motion to suppress hearing, the dog's handler testified that the animal was a bloodhound which had been trained to follow a trail and that he had used the dog over 100 times to track individuals. The attending police officer stated that the dog was placed on the railroad tracks where the robber had last been seen, and the dog handler testified that the dog picked up a track there and followed it to the house where appellant was found. The above-summarized testimony constitutes a sufficient foundation for the admission of testimony concerning the bloodhound's conduct. *Fite v. State,* supra.

Appellant argues that a separate hearing should have been held on the matter, since the dog's behavior was neither at issue nor challenged by appellant at the motion to suppress hearing. However, perusal of the transcript of the hearing reveals that counsel for appellant objected to testimony concerning the dog's conduct unless the proper foundation was laid. The dog handler was called as the state's next witness, and the proper foundation was laid. The testimony having been elicited during an evidentiary hearing in which appellant had the right and ability to cross-examine the witnesses, a separate hearing was not necessary.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 8, 1983 —
REHEARING DENIED MARCH 21, 1983 — 

*Harry J. Fox, Jr.,* for appellant.
*G. Theron Finlayson, District Attorney, Edward D. Lukemire, Assistant District Attorney,* for appellee.