A01A0306. THE STATE v. STALEY.
(548 SE2d 26)

PHIPPS, Judge.

The State appeals the trial court's grant of Edward Staley's motion to suppress the results of searches of his residence and computer files in this child molestation case. Because the evidence supported the trial court's ruling that the State failed to show any nexus between Staley's residence and the alleged molestation, we affirm.

When a defendant moves to suppress evidence based on an illegal search, the State bears the burden of proving that the search was lawful.[1] On appeal, we construe the evidence in the light most favor-

---

[1] *State v. Jones*, 245 Ga. App. 763, 765 (2) (538 SE2d 819) (2000).

able to the trial court's ruling.[2] Where, as here, the facts are undisputed, we review de novo the trial court's application of the law to those facts.[3]

The State's only witness at the suppression hearing was William Hartley, an operations coordinator with the probation division of the Department of Corrections. Hartley testified that he was familiar with Staley, who had been convicted of multiple counts of child molestation in 1984 and was released on probation in 1993. Staley's probation was revoked in 1993 after he admitted molesting and taking pictures of an eight-year-old boy. It was revoked again in 1995 after he failed to complete successfully a sex offender treatment program. Following each of these revocations, Staley apparently was released on probation again.

The Attorney General's office hired a private investigator to follow Staley for reasons that are not clear in the record. Hartley testified that the investigator called him and reported that Staley had been observed and photographed picking up a boy from an elementary school and taking him to a mall, a candy or ice cream store, a children's play area, and a fast food restaurant. According to Hartley, the terms of Staley's probation did not prohibit him from being around children. Hartley testified, however, that the investigator believed that Staley "was grooming [the] child for a molest."

Hartley contacted the principal of the elementary school, who identified the boy from the investigator's photographs. Hartley then met with the boy's mother, who stated that the boy in the pictures was her ten-year-old son, J. D., and that the man was Staley, whom she had met by responding to a personals ad placed by a "man seeking younger woman with children." The mother told Hartley that Staley had shown unusual interest in J. D. and his two brothers, buying them expensive toys and taking them on resort vacations. A school counselor interviewed J. D., who did not report any inappropriate behavior by Staley. Later that evening, however, the mother called Hartley and said that J. D. had told her that Staley had molested him numerous times.

Hartley contacted the local authorities, who interviewed J. D. and one of his brothers. Hartley then "thoroughly researched" Staley's probation files and discovered that, in connection with his previous probation revocations, Staley had admitted viewing and taking nude photographs and having a "nudist colony magazine." The files also showed that Staley had worked as a computer analyst and "[knew] his way around computers."

---

[2] Id.

[3] *State v. Winnie*, 242 Ga. App. 228, 229 (529 SE2d 215) (2000).

Hartley applied for a warrant to search Staley's apartment for sexually explicit materials involving minors, including computer equipment "which contains electronic depictions of minors engaged in sexually explicit conduct."[4] In his application for the warrant, Hartley averred, "[b]ecause of information available to [me] that [Staley] has taken pictures of a previous molestation victim, it is suspected that evidence of crimes against J. D. and other minor children is concealed at [Staley's apartment]." After reviewing Hartley's affidavit and considering additional oral information he provided, a magistrate issued the warrant.[5]

At Staley's apartment, police found and confiscated a computer. Hartley then applied for a second warrant to search the computer. In that application, he averred that, based on his experience, "pedophiles record and store depictions, addresses, telephone numbers and other information related to accessing and engaging minors, for the purpose of committing sex acts upon them; and, that they record and store written and pictorial accounts of previous enticing acts and/or sexual acts with minors." The magistrate issued a warrant for the search, which yielded approximately 40,000 digital images of "prepubescent male children engaged in sexual acts," as well as stories describing sexual contact between adult males and children. However, none of the material depicted or mentioned J. D.

Staley moved to suppress the results of both searches, arguing, among other things, that the warrants were not supported by probable cause. After a hearing, the trial court granted the motion. The court noted that Hartley had no reason to believe that any illegal activity had occurred at Staley's apartment or that Staley had taken any pictures of J. D. or his brothers or had shown them any sexually explicit material. In the absence of "some connection . . . between the activity and the residence," the court concluded that there was no probable cause to search Staley's apartment. The court further ruled that the second search was tainted by the first and, thus, also illegal.

A search warrant must be supported by probable cause, or reasonable grounds, to believe that evidence of a crime will be found in a particular place.[6] "An officer's inference that items sought will be at the place to be searched requires no more than 'a fair presumption' to be reasonable."[7] Where the State fails to show any connection between the items sought and the place to be searched, however,

---

[4] Staley's conditions of probation apparently did not include a waiver of Fourth Amendment rights.

[5] Because Hartley could not remember precisely when he was placed under oath, it is unclear from the record how much, if any, of the additional information he provided to the magistrate judge was sworn testimony.

[6] *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

[7] (Citation omitted.) *McClain v. State*, 267 Ga. 378, 388 (11) (477 SE2d 814) (1996).

there are no reasonable grounds for the search.[8]

In this case, as the trial court noted, the State failed to establish any link between Staley's apartment and the crimes. Hartley testified that he had no knowledge that the molestation occurred at Staley's apartment or that J. D. or his brothers had been there. Nor was there any evidence that any items connected with the molestation might be found at Staley's apartment. In fact, there was no evidence that any such items existed. Hartley testified that he was unaware of any photographs that Staley might have taken of J. D. Likewise, there was no evidence that Staley had shown any sexually explicit material to J. D. or his brothers or communicated with them via e-mail.

The State argues that Hartley had probable cause to believe that Staley "likely possessed sexually explicit photographs of children and written documents describing the molestation of children at his apartment," and that such evidence, even if unrelated to J. D., would illustrate Staley's "lustful disposition toward children." Analogizing to "drug courier profile" cases, the State suggests that this Court should rule that probable cause to search exists where police officers believe that a defendant fits a "sex offender profile." We have held, however, that a suspect's correspondence with a "drug courier profile" is insufficient to establish probable cause.[9] Moreover, the question is not whether Staley matched a "sex offender profile" (as a convicted child molester, he doubtlessly did); the question is whether the State established any link between Staley's apartment and the alleged molestation of J. D. Because there was no such link, the search of the apartment and the subsequent search of the computer files were illegal.[10]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED APRIL 12, 2001.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellant.

*Brenda J. Bernstein*, for appellee.

---

[8] See *State v. Toney*, 215 Ga. App. 64, 65-66 (449 SE2d 892) (1994) (warrant authorizing search of rape defendant's apartment for, among other things, hair and blood samples was not supported by probable cause because State failed to show that perpetrator's hair and blood were found at crime scene).

[9] *Murphy v. State*, 230 Ga. App. 365, 368 (1) (496 SE2d 512) (1998).

[10] *Wong Sun v. United States*, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963).