**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 29, 2020**

# In the Court of Appeals of Georgia

A20A0018. LANDERS v. THE STATE.

COOMER, Judge.

Randall Landers appeals from a trial court order denying his motion to suppress the contents of a portable storage device discovered on his person during an arrest. Landers contends that the trial court erred in holding that the search warrant for the portable storage device was supported by sufficient probable cause. For the following reasons, we vacate the trial court's order and remand the case to the trial court.

An investigator with the Hall County Sheriff's Office obtained arrest warrants on Landers for two counts of aggravated child molestation and two counts of aggravated sodomy. While officers were effecting the arrest warrants, Landers allegedly "put his hand into one of his pants pockets in order to discard what [officers] believed might be a weapon." Landers was stopped, handcuffed, and

searched incident to his arrest. The search revealed a portable storage device in Landers' pocket.

The investigator sought and received a search warrant for the portable storage device on May 11, 2018. The affidavit in support of the warrant indicated that Landers was under investigation for sex crimes against two victims, that he previously had been the subject of similar investigations, and that he tried to discard the portable storage device found on his person when officers arrived to arrest him. On January 31, 2019, Landers filed a motion to suppress, contending that the search warrant for the portable storage device was not supported by probable cause. On February 18, 2019, the investigator sought an additional search warrant for the portable storage device. The affidavit in support of the 2019 search warrant was identical to that supplied in 2018 except for an additional paragraph describing the investigator's prior involvement investigating child sex crimes (not involving Landers) and his opinion that based on his experience and training, such offenders often store evidence of their crimes on electronic storage devices.

Landers filed amended motions to suppress the portable storage device contents. In the second amended motion, he argued that neither the 2018 search warrant nor the 2019 search warrant were supported by probable cause. He also

argued that the 2019 search warrant was improper because of the delay in obtaining the warrant. The trial court denied the motion to suppress, finding that although the 2019 search warrant may have clarified any probable cause, it was not necessary because the 2018 search warrant was supported by probable cause. The trial court certified its ruling for immediate review, and Landers filed a timely application for interlocutory appeal, which we granted. This appeal followed.

"When a defendant moves to suppress evidence based on an illegal search, the State bears the burden of proving that the search was lawful." *State v. Staley*, 249 Ga. App. 207, 207 (548 SE2d 26) (2001). "On appeal, we construe the evidence in the light most favorable to the trial court's ruling." Id. at 207-208. "On appellate review of a trial court's decision on a motion to suppress evidence, we accept the trial court's ruling on disputed facts unless it is clearly erroneous, but the trial court's application of the law to undisputed facts is subject to de novo review." *Nichols v. State*, 336 Ga. App. 287, 287 (783 SE2d 918) (2016). It is well-established that

> a magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Our duty in reviewing the magistrate's decision in this case is to determine if the

magistrate had a "substantial basis" for concluding that probable cause existed to issue the search warrants. A magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court. Even doubtful cases should be resolved in favor of upholding a magistrate's determination that a warrant is proper.

*Shirley v. State*, 297 Ga. 722, 723-724 (777 SE2d 444) (2015) (citation and punctuation omitted). However, "[t]he law requires that sufficient facts be set forth in the affidavit to enable the magistrate to make an independent determination as to whether probable cause exists for the issuance of a search warrant." *McMahan v. State*, 125 Ga. App. 491, 492 (188 SE2d 183) (1972). "An affidavit must allow a magistrate to make an independent determination of probable cause based upon facts, and wholly conclusory statements will not suffice." *Shirley*, 297 Ga. at 724.

Landers argues that the trial court erred in holding that the 2018 warrant to search the portable storage device was supported by probable cause. We agree.

In *Riley v. California*, the United States Supreme Court considered whether police are required to obtain a warrant to search digital information on a cell phone seized from an individual incident to an arrest. 573 U. S. 373, 378 (134 SCt 2473, 189 LE2d 430) (2014). The Court first explained that when a person is arrested, a warrant is generally not required for the arresting officer to search the person to remove any

4

weapons and seize any evidence on the person to prevent the concealment or destruction of that evidence. Id. at 383 (II). In *Riley*, the defendants conceded "that officers could have seized and secured their cell phones to prevent destruction of evidence while seeking a warrant." Id. at 388 (III) (A) (2). The Court characterized this as "a sensible concession." Id. at 388 (III) (A) (2). The Court noted, however, that when the search is of digital data, there are no risks comparable to the risks of harm to officers or destruction of evidence. Id. at 386 (III). In addition, a search of the digital data on a cell phone intrudes upon an individual's privacy far more than a search of physical items found on a suspect's person. Id. at 393 (III) (B). Consequently, the Court held that a warrant is generally required before a search of data on a cell phone, even when the cell phone is seized incident to an arrest. Id. at 401 (IV).

Like the defendants in *Riley*, Landers does not challenge the *seizure* of the portable storage device found in his pocket when he was arrested. Any challenge to the *seizure* of the device likely would have been without merit because law enforcement officers can generally seize evidence found on an individual in a search incident to an arrest without a warrant to prevent the evidence from being concealed or destroyed. See *Riley*, 573 U. S. at 383 (II). However, Landers argues that the 2018

5

search warrant to search the *contents* of the portable storage device was not supported by probable cause because the affidavit supporting the 2018 search warrant failed to establish a nexus between the charged crimes of aggravated child molestation and aggravated sodomy and evidence of those crimes being located on the portable storage device.

"Before a warrant may issue, the issuing magistrate must have sufficient reasons to believe that a crime was committed, that the items sought are connected with the crime, and that the items sought will be found in the place to be searched." *Brown v. State*, 270 Ga. App. 176, 178 (1) (605 SE2d 885) (2004) (citation and punctuation omitted). "A search warrant must be supported by probable cause, or reasonable grounds, to believe that evidence of a crime will be found in a particular place." *Staley*, 249 Ga. App. at 209.

> Probable cause means less than a certainty but more than mere suspicion or possibility. Mere speculation, rumor, or opinion is not enough; there must be reasonable grounds after inquiry. Furthermore, determination of whether there is probable cause for issuance of a search warrant must be made not by the police officer but by the magistrate. The officer must place before the magistrate sufficient facts to enable the latter to make his own determination and not merely adopt the conclusions of the police officer. The totality of circumstances in a given case may be sufficient to create probable cause.

6

*Yocham v. State*, 165 Ga. App. 650, 652 (3) (302 SE2d 390) (1983) (citations omitted).

"Here, because the magistrate only considered the evidence in the warrant applications in issuing the search warrants, our analysis is confined to the four corners of those documents." *State v. Perez*, 349 Ga. App. 707, 709 (824 SE2d 804) (2019). The affidavit in support of the 2018 search warrant did not establish any connection between the charged crimes of aggravated child molestation and aggravated sodomy and any content that might be on the portable storage device. The 2018 affidavit did not provide any information relating to evidence that could be found on the portable storage device, such as testimony from an alleged victim that Landers photographed certain acts. Furthermore, the affidavit in support of the 2018 warrant did not include any information that there is a link between an act of child molestation or aggravated sodomy and the likelihood of locating evidence or contraband on the digital storage device, such as the investigator's statement in the 2019 affidavit that based on his experience and training, child molesters often stored evidence of their crimes on digital storage devices. Indeed, the only statement to come close to establishing a nexus between the charged crimes of aggravated child molestation and aggravated sodomy and the contents of the portable storage device

is the following statement: "Due to Landers attempting to discard the storage device upon seeing law enforcement [the investigator] believes that there may be evidence on the storage device that is crucial to the ongoing investigation." However, "[a] suspicion or 'strong reason to suspect' is an insufficient foundation for a finding of probable cause." *Brown v. State*, 269 Ga. 830, 832 (2) (504 SE2d 443) (1998) (citations and punctuation omitted). The investigator's belief that there may be evidence of aggravated child molestation and aggravated sodomy on the portable storage device, as expressed in the affidavit, amounts to no more than a suspicion or strong reason to suspect. Thus, the 2018 affidavit did not provide the magistrate with a substantial basis for concluding that probable cause existed to issue the 2018 search warrant. See *Virgin Islands v. John*, 654 F.3d 412, 420 (III) (3rd Cir. 2011) (where there is no information in the affidavit to support the claim that child pornography would be on the defendant's computer and no facts alleged about the correlation between child molesters and child pornography, there was no probable cause and it was error to issue a search warrant for the computer). Consequently, we are constrained to hold that the trial court erred in holding that the 2018 search warrant was supported by probable cause. Therefore, we vacate the trial court's order and remand this case to the trial court with the direction that the trial court consider the

effect of the delay between the 2018 and 2019 search warrants and whether the investigator's 2019 affidavit cured the defect with the 2018 affidavit.

*Judgment vacated and case remanded with direction. Miller, P. J., and Mercier, J., concur*.

9