47388. BUCK v. THE STATE.
47389. PORTER v. THE STATE.

Clark, Judge. For decision here is the correctness of an intermediate ruling which denied a motion to suppress evidence (marijuana) with the attack being made upon the legality of the officer's affidavit. These are companion cases with Porter being the party named in the affidavit as having control of the premises and the other defendant having been present during the search at which time a small amount of the illegal drug was found in her pocketbook. Initially the attorneys stipulated the decision was to be made upon the basis of the affidavit but at the hearing the trial court undertook in the exercise of his discretion to hear evidence. The illegality of the affidavit was argued as to (1) the manner in which the address was stated and (2) meeting the requirement of probable cause.

1. We deal first with the question of the address of the premises. In making the application for the search warrant the officer informed the magistrate of his desire to investigate two locations in the same apartment building. In the Porter case the address was typewritten as "Peach Club Arpts. [sic] Arpt. [sic] P-11 Smyrna Ga. and under the control of Ronnie Porter." The address for the other apartment in which no contraband was found was given as "Peachtree Club Arpts. [sic] Arpt. [sic] No. P-9. Smyrna, Ga. under the control of" another named party. The

correct name of the apartment is "Peachtree Club Apartments" and the oral evidence showed no "Peach Club Apartments" in the jurisdiction.

Appellant earnestly argues this situation fails to meet the requirement of *Code Ann.* § 27-303 that place must be "particularly described." In *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262) the affidavit was similar to that at bar in describing the premises as "Tara Apartment Building 103, Apartment No. 7, 134 Ashley Circle, Clarke County, Georgia . . . in the custody or control of Tommy Norman." The street address was incorrect but the validity of the affidavit upheld, this court stating "The description is sufficient if a prudent officer executing the warrant is able to locate the person and place definitely and with reasonable certainty. *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585); *Steele v. State,* 118 Ga. App. 433, 434 (164 SE2d 255); Steele v. United States, 267 U. S. 498, 503 (45 SC 414, 69 LE 757)."

There being no "Peach Club Apartments" in the jurisdiction, the error in typing the affidavit does not affect its validity as the officer would have no difficulty in locating the place definitely and with reasonable certainty. This is particularly true when one considers that the two affidavits were issued simultaneously with the other containing the correct name.

2. The affidavit under attack says: "The probable cause on which the belief of the affiant is based is as follows: a reliable and confidential informant who in the past six months has given reliable information resulting in twenty arrests on eight different occasions and the seizure of large quantities of marijuana and drugs gave information that during the past six days he has seen marijuana and other drugs being kept in the above named arpt. [sic] by the above named subject."

Is it necessary in a search warrant for the recipient of the tip to be identified beyond what is here stated? The informant is not identified, but his reliability is substantiated. The information is immediate and precise and the

person to be served is named. This court held in *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473) that the tests of an informer's tips required by Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) were not changed by Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), but clarified by it: "[T]hese tests are: (1) that the affidavit gives reasons for the informer's reliability, and (2) that the affidavit either specifically states how the informer obtained the information or the tip describes the criminal activity in such detail that the magistrate may know it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.'"

Here, the police must know the identity of the informant to be able to enumerate the arrests in which he had participated prior to this. It is evident from the transcript of the testimony that the informant gave the tip to the police. It is immaterial which policeman received the tip. Observations of fellow officers of government engaged in a common investigation are a reliable basis for a warrant applied for by one of their number. United States v. Ventresca, 380 U. S. 102, 110 (85 SC 741, 13 LE2d 684) held this to be true where two different branches of the Federal government were involved. Surely the principle would apply to different officers within the same police department.

"In dealing with probable cause, . . . as the very name implies, we deal with probabilities. They are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act." *Strauss v. Stynchcombe,* 224 Ga. 859, 865 (165 SE2d 302).

This court upholds the lower court's findings. Draper v. United States, 358 U. S. 307, 311 (79 SC 329, 3 LE2d 327); Brinegar v. United States, 338 U. S. 160, 173 (69 SC 1302, 93 LE 1879).

*Judgments affirmed. Eberhardt, P. J., and Deen, J., concur.*
SUBMITTED SEPTEMBER 13, 1972—DECIDED SEPTEMBER 20, 1972.

Walter M. Henritze, Jr., for appellant.

Ben F. Smith, District Attorney, George W. Darden, for appellee.