## 49783. McNEAL v. THE STATE.

PANNELL, Presiding Judge.

This case is before this court on a proper appeal from the denial of a motion to suppress evidence seized in the search of certain premises under one warrant, and in the search of a described automobile located in the parking area of the same premises under another warrant. The premises searched was an apartment in an apartment complex which bore the number DD-7, and the automobile searched was in the parking area of that building. The affidavits on the respective warrants, insofar as here material, were as follows:

"The undersigned being duly sworn deposes and says: That he (has reason to believe) that on the person of Mark Specter and any other persons on the premises who might reasonably be involved in the below listed violations of the laws of Georgia on the premises known as 3399 Buford Highway, N. W., Bordeaux Apartments, Building DD-7, located in DeKalb County, Georgia, there is now being concealed certain property, namely, Cocaine and Marijuana which are in violation of the Georgia Pharmacy Laws; And that the facts tending to establish

the foregoing grounds for issuance of Search Warrant are as follows: On Jan. 28, 1974, this Investigator received from Investigator J. D. Spinks of DeKalb County Narcotics section, information, which he stated he received from a confidential and reliable informant who is personally known to Inv. Spinks and has been found to be correct in the past, who in the last month has given information which has resulted in 5 arrests and a seizure of drugs in each case. This informant stated to Inv. Spinks that he has been in the above location and observed several clear plastic bags containing marijuana. Informant also stated that while in the location he also observed 2 small clear plastic bags containing white powder and that a W/M named Mark has stated this was cocaine. This informant has been in the above location within 48 hours prior to the above date.

"Since receiving this information, this investigator has placed a periodic surveillance on this location and observed a heavy amount of traffic coming and going from the apartment. This traffic has consisted mainly of Young W/M and W/Fe's. I make this affidavit so that a search warrant may be issued." And: "The undersigned being duly sworn deposes and says: That he (has reason to believe) that on the person of white male known only as Chuck, approximately 21 years old and any other persons on the premises who might reasonably be involved in the below listed violations of the laws of Georgia, on the premises known as 1965 Blue Ford Mustang bearing license No. 73 Ohio H-16519, located in parking area of Bordeaux apartments near building DD, 3399 Buford Hwy., Atlanta, Ga., located in DeKalb County, there is now being concealed certain property, namely, Marijuana, which is in violation of Georgia Pharmacy Laws; And that the facts tending to establish the foregoing grounds for issuance of Search Warrant are as follows: On January 28, 1974, this Investigator received from Investigator J. D. Spinks of DeKalb County Narcotic section information, which he stated he received from a confidential and reliable informant on the above date, who is personally known to Investigator Spinks, and has been found to be correct in the past. Investigator Spinks stated this informant in the past month has given

him information which has resulted in two arrests and a seizure of Drugs in each case. This informant stated to Investigator Spinks that he has seen within 48 hours prior to the above date, several clear plastic bags containing marijuana in a blue 1965 Mustang bearing Ohio tag H-16519. This informant also stated to investigator Spinks, that a white male known as Chuck stated he had approximately five pounds of Marijuana concealed within the vehicle. Since receiving this information, this Investigator has gone to above location and observed stated blue 1965 Mustang bearing tag H-16519 parked in area of building DD, just as stated by informant. I make this affidavit so that a search warrant may be issued." The defendant was known as "Chuck."

The evidence adduced on the hearing on the motion to suppress disclosed the Bordeaux Apartments were located between Buford Highway and Briarwood Road, and consisted of a group of buildings known as Bordeaux I and a group known as Bordeaux II, both of which could be entered from either Buford Highway or Briarwood Road. The buildings in Bordeaux I were designated by one letter, and the buildings in Bordeaux II were designated by double letters; the particular apartments in the respective buildings being designated by an added numeral.

All of the buildings in Bordeaux I had a post office or street address of 3399 Buford Highway, N. W., and all the buildings in Bordeaux II had a post office or street address of 1750 Briarwood Road. The particular building in question here actually faced Buford Highway, though a part of the complex with the street address on Briarwood Road. There were a large number of buildings in the complex, both in Bordeaux I and Bordeaux II; but in the entire complex there was only one building designated DD and only one apartment numbered DD-7. *Held:*

1. The description of the premises to be searched is sufficient if a prudent officer executing the warrant is able to locate the premises definitely and with reasonable certainty. *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585); *Steele v. State,* 118 Ga. App. 433, 434 (164 SE2d 255); Steele v. United States, 267 U. S. 498, 503 (45 SC 414, 69

LE 757); *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262); *Buck v. State,* 127 Ga. App. 72 (1) (192 SE2d 432). There are two elements in the location of the premises that may enter into the contention the premises were not sufficiently described. (a) The wrong street address, though the name of the apartment complex was given, and (b) the description of the apartment as "Building DD-7." At first glance this would seem rather confusing; yet, we think a person of ordinary intelligence looking for "Building DD-7" in the apartment complex would arrive at apartment 7 of Building DD, irrespective of which entrance he entered, whether Briarwood Road or Buford Highway, because the only place such a number could be found would be in Building DD over the door of Apartment 7 in that building. There was no probability of entering any other apartment in the entire complex because in this instance there was only one such numbered apartment.

2. The fact that there was "hearsay upon hearsay" involved in the present case, as far as the information upon which the affidavit was based is concerned, does not preclude a finding of probable cause. "It is evident from the transcript of the testimony that the informant gave the tip to the police. It is immaterial which policeman received the tip. Observations of fellow officers of government engaged in a common investigation are a reliable basis for a warrant applied for by one of their number. United States v. Ventresca, 380 U. S. 102, 110 (85 SC 741, 13 LE2d 684) held this to be true where two different branches of the Federal Government were involved. Surely the principle would apply to different officers within the same police department." *Buck v. State,* 127 Ga. App. 72 (2) (192 SE2d 432). "When a police officer is the informant the reliability of the informant is presumed as a matter of law. *Caudell v. State,* 129 Ga. App. 229 (199 SE2d 550)." *State v. Causey,* 132 Ga. App. 17, 20 (207 SE2d 225).

3. We, accordingly, hold that the trial judge, on the basis of the reasons urged by the appellant, was not in error in overruling the motion to suppress.

*Judgment affirmed. Evans and Webb, JJ., concur.*

SUBMITTED OCTOBER 3, 1974 — DECIDED NOVEMBER 6, 1974.

*Rees R. Smith,* for appellant.
*Richard Bell, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.