### 60850. RAY v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction of selling marijuana in violation of the Georgia Controlled Substances Act.

1. Appellant urges the trial court erred in unduly restricting defense counsel's closing argument to the jury. " 'Counsel should have *ample latitude* to argue what has transpired in a case from its inception to its conclusion, . . . and the range of such comment is necessarily *in the discretion of the trial judge.'* [Cit.]" *City Council of Augusta v. Hamilton,* 56 Ga. App. 859, 861 (194 SE 244) (1937). See also *Hinton v. State,* 138 Ga. App. 702 (4) (227 SE2d 474) (1976). Our review of the record in the instant case reveals no abuse of discretion by the trial judge who, in effect, instructed defense counsel to limit his argument strictly to the evidence adduced during the trial. *Lancette v. State,* 151 Ga. App. 740 (2) (261 SE2d 405) (1979). Nor were the comments of the trial court, in so instructing, an unauthorized expression of opinion on the evidence under Code Ann. § 81-1104. *Patterson v. State,* 68 Ga. 292 (2) (1881).

2. Testimony that the arresting officers discovered marijuana plants growing outside appellant's trailer was not erroneously admitted. "[W]here evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of another crime." *Bixby v. State,* 234 Ga. 812, 814 (218 SE2d 609) (1975). See also *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974); *Barber v. State,* 142 Ga. App. 156 (235 SE2d 629) (1977). Compare *Martin v. State,* 143 Ga. App. 875 (240 SE2d 231) (1977).

3. After the jury had been charged by the court, they returned and requested a recharge on the law of entrapment. After the recharge on this issue, appellant made the following objection: "[T]he court should have instructed this jury that entrapment, if they find entrapment, is a complete defense to this crime." The record, however, demonstrates that in both the original charge and the recharge the trial judge instructed the jury that "the law of this state provides that a person *is not guilty of a crime,* if by entrapment his conduct is induced or solicited by a government officer or

employee or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for the commission of the crime." (Emphasis supplied.) Thereafter followed a full, fair definition of entrapment. The charge as given was not erroneous for any reason urged on appeal. *Rucker v. State,* 135 Ga. App. 468, 471 (3) (218 SE2d 146) (1975). While certain parts of the charge, when viewed in isolation, seemingly do not emphasize the defensive nature of a plea of entrapment, the charge viewed as a whole shows that the jury was adequately instructed that if appellant was entrapped he should be acquitted. "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound." *Brown v. Matthews,* 79 Ga. 1 (4 SE 13) (1887).

4. Any question of error in the timing of the hearing on appellant's motion for supersedeas bond is rendered moot by the fact that the hearing was in fact held and bond allowed.

*Judgment affirmed, Quillian, C. J., and Shulman, P. J., concur.*

DECIDED FEBRUARY 12, 1981 —

*G. Hughel Harrison,* for appellant.

*Bryant Huff, District Attorney, J. Michael McGarity, Assistant District Attorney,* for appellee.