## 63434. COLLINS v. THE STATE.

QUILLIAN, Chief Judge.

The defendant was indicted for the offense of possession of marijuana with the intent to distribute, convicted by a jury, and sentenced to ten years on probation. *Held:*

1. Error is assigned to the overruling of defendant's motion to suppress evidence (marijuana) seized after a search without a warrant.

The following facts were adduced at the hearing on the motion.

On February 14, 1981, a Dougherty County Deputy Sheriff called the Dougherty County Jail and told the matron there that he had information that the defendant, whose husband was an inmate in the jail, would be bringing marijuana into the jail. The Deputy instructed the matron to search the defendant, "particularly the upper portion of her body," when the defendant arrived at the jail. After the defendant arrived, a search of her person was conducted and two envelopes were found hidden under her halter top. The envelopes contained material which was subsequently identified as marijuana.

The Deputy Sheriff testified that on the afternoon of February 13, 1981, he received a phone call from a confidential informant

whom he had known for "a couple of years," had used in the past, had received information which had "always proved to be reliable" and which had led to the discovery of other contraband and to the arrest of other persons. The Deputy was told by the informant that the defendant would be visiting her husband in jail over the weekend, and that she would be in possession of marijuana. The informant also told the Deputy that he would receive a call the next day as to what time the defendant would visit the jail. After the phone call, the Deputy related "I checked the jail there of the marijuana that was being sold in there, and from whom they were buying it." The following morning, on February 14, 1981, at approximately 9:00 a.m., the Deputy received another phone call from the confidential informant. The Deputy gave the following account as to the subject of the phone conversation: "when they called me back on the 14th, they told me she would be in possession of marijuana and that she was coming to jail, and exactly how long it had been since they'd seen her with it, I don't know, but it was on the same day that they called me, and told me where it would be." He subsequently called the matron at the jail and relayed the information to her, along with instructions for the search.

The trial judge did not permit defense counsel to question the Deputy as to how the informant knew that the defendant was going to take marijuana to the jail.

"The 'probable cause' requirements for a search without a warrant are the same requirements necessary for the issuance of a warrant by a magistrate." *Morgan v. Kiff,* 230 Ga. 277, 280 (196 SE2d 445) (overruled on other grounds, *Jacobs v. Hopper,* 238 Ga. 461, 463 (233 SE2d 169)). See also *State v. Watts,* 154 Ga. App. 789 (3) (270 SE2d 52); Whiteley v. Warden, Wyoming State Penitentiary, 401 U. S. 560, 566 (9) (91 SC 1031, 28 LE2d 306) (1971).

We therefore consider the facts of this case under the rationale of Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), which set forth a two-prong test, to wit: " '(1) that the affidavit gives reasons for the informer's reliability, and (2) that the affidavit either specifically states how the informer obtained the information or the tip describes the criminal activity in such detail that the magistrate may know it is more than a "casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." ' " *Buck v. State,* 127 Ga. App. 72, 74 (192 SE2d 432).

The evidence as to the first prong, although somewhat scanty, is sufficient. Regarding the second prong, the evidence failed to show specifically how the informant obtained the information. However, the information furnished was in sufficient detail so that the

magistrate would know that it was more than a "casual rumor." We therefore find the search was predicated on probable cause.

The defendant also argues that no excuse is shown for the failure to obtain a search warrant, since the officer was informed about the purported criminal activity a day before it occurred, in plenty of time to obtain a warrant. This poses a serious question, the resolution of which is not without difficulty. This court would be remiss in its duty if it permitted artificially created exigent circumstances. Nevertheless, in this case it appeared that the officer delayed taking action in order to verify the information he received by inquiring at the jail and by awaiting the further phone call, which informed him that the defendant was in possession of marijuana and was coming to the jail on that day particularly. Since the visiting hours at the jail began at 9:00 that morning, it would appear that the procedure chosen by the officer in proceeding immediately without a warrant was not an unreasonable one. Under the circumstances of this case, we find that the failure to obtain a search warrant was not fatal. However, delays of this type must be examined closely and clear justification found before searches without a warrant may be found to be justifiable.

2. The enumeration of error regarding failure to charge on a lesser included offense is without merit. *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) has established that, in the absence of a written request, the failure to charge on a lesser included offense is not error.

3. The evidence offered at trial was sufficient to enable a rational trier of fact to find proof of the defendant's guilt beyond a reasonable doubt.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 12, 1982 —
REHEARING DENIED MARCH 8, 1982.

*B. Samuel Engram, Jr.,* for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.