## 68314. WILLIAMS v. THE STATE.

BENHAM, Judge.

Appellant was convicted of three counts of burglary. On appeal, he enumerates as error the partial denial of his motion to suppress the fruits of two searches of his car and a jury instruction regarding threats allegedly made by appellant to a witness for the State.

1. Appellant's car was searched twice, once at the location where it was found by a law enforcement officer and again at a lot where it had been impounded. The trial court suppressed the evidence seized in the second search, but denied appellant's motion to suppress the fruits of the first search.

The evidence at the hearing on the motion to suppress authorized the trial court to conclude that the following events occurred. A law enforcement officer who was looking for appellant saw a parked car resembling appellant's and proceeded to investigate. Looking through the window of appellant's car, the officer saw a shotgun on the rear floorboard matching the description of a shotgun of distinctive appearance which had been stolen in a burglary of which appellant was suspected. The officer had the car opened, seized the shotgun, and then found a handgun stolen in the same burglary and jewelry stolen in the other two burglaries for which appellant was convicted.

"The propriety of this search and seizure depends upon the propriety of the manner in which the initial [stolen property] was found. If that [stolen property] was lawfully found and seized, it then would have furnished the probable cause for believing more [stolen property] was contained in the car, thus justifying the search of the entire vehicle and its contents. See United States v. Ross, [456] U. S. [798] (102 SC 386, 72 LE2d 572) (1982). Conversely, if the initial find of [stolen property] was the product of an illegal search, that evidence and the evidence seized as a result of the subsequent search stemming from the initial find would be inadmissible.

"Under the 'plain view' doctrine, a law enforcement officer has a right to visually search the entirety of a car from his vantage point on a street or roadside. [Cit.] The viewing need not be motivated by an articulable suspicion. On the contrary, law enforcement officers simply have the right to look into automobiles, so long as they have a legitimate reason and are looking from a place in which they have a right to be (e.g., a street or roadside). Any incriminating evidence they have the fortune to see in plain view may be seized and later admitted as evidence. [Cit.] Moreover, any additional evidence discovered within the confines of Unites States v. Ross, supra, would also be admissible evidence." *State v. Key*, 164 Ga. App. 411, 412 (296 SE2d 60) (1982).

The searching officer in the present case found a car matching the description of appellant's car, including the license plate number, and was able to look into the windows of the car from a vantage point on the parking lot of a retail establishment. Under those circumstances, as applied to the holding in *Key*, supra, we find no error in the denial of appellant's motion to suppress the fruits of the search of the interior of the car.

2. In his second enumeration of error, appellant complains that the trial court expressed an opinion as to facts in this case by instructing the jury that appellant "had threatened the witness, Tommy Young." Our scrutiny of the record reveals that appellant has omitted a relevant portion of the questioned jury instruction which actually reads: "Now, Members of the Jury, you have heard testimony that the defendant, Charles Thomas Williams, had threatened the witness, Tommy Young." We find no expression of opinion in that clear and correct statement of the fact that there was testimony to that effect. The purpose for the trial court's statement was to preface a statement of the law pertaining to that testimony. " 'No proposition of law can be laid down without some implication of a state of facts as by possibility existing.' " *Sheppard v. State*, 44 Ga. App. 481 (7) (162 SE 413) (1931). The second enumeration of error is without merit.

3. The third enumeration of error addresses the jury instruction for which the sentence discussed in the preceding division of this opinion served as a preface. The trial court went on to charge the jury that they could consider a deliberate effort to obstruct justice or avoid punishment, if such an effort were proven, and that the weight to be given such a fact, if proven, was for the jury to decide, as was the question of whether the jury would infer from that fact a consciousness of guilt. That instruction comports with the holding in *Conner v. State*, 160 Ga. App. 202 (4) (286 SE2d 441) (1981).

There was testimony that appellant called a witness' sister prior to trial and told her to have her brother call appellant and that if her brother testified against appellant, there would be trouble. "To justify

a charge on a given subject, it is not necessary there should be compelling evidence giving rise to that point; it is enough if there be something from which a legitimate process of reasoning can be drawn from it by the jury. [Cit.]" *Garnett v. State*, 167 Ga. App. 792, 793 (307 SE2d 692) (1983). We find the evidence of a threat by appellant against a witness sufficient in this case to warrant the jury instruction enumerated as error.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1984 — CERT. APPLIED FOR.

*Fred M. Kennedy*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.