69854. RIDGEWAY v. THE STATE.

(330 SE2d 916)

CARLEY, Judge.

Appellant was indicted for three counts of selling controlled substances (heroin and cocaine) and one count of possessing cocaine. He was acquitted of the possession charge, but was convicted of the three sales counts. He appeals.

1. With regard to the sales counts, appellant enumerates the general grounds. Evidence adduced at trial established that an informant and an undercover narcotics agent went to a specified location where the informant introduced the agent to "Shorty," who was subsequently identified as appellant. On that occasion, appellant sold the agent cocaine and heroin. Eight days later, the informant and the agent returned to the same location and again found appellant. This time, the agent purchased cocaine from appellant, paying for the drugs with two fifty-dollar bills which had previously been photocopied for purposes of identification. Immediately upon completing the transaction and leaving the area, the agent radioed two surveillance officers who had been waiting nearby. The agent informed them that the drug purchase had been made, and he described appellant's appearance and location. These two officers then went to that location and confronted appellant for the purpose of ascertaining his identity. The officers found a change purse hidden near appellant. The purse, which contained packets of illegal drugs, was the same purse from which appellant had removed drugs to sell to the undercover agent. The two fifty-dollar bills which had financed the agent's recent purchase were discovered in a roll of money on appellant's person. All three police officers positively identified appellant as the person involved in the incidents. In opposition to that evidence, appellant took the stand and raised the defense of mistaken identity. He testified that the events described by the officers had not occurred, that he had never before seen the change purse containing drugs, and that he had never sold drugs to anyone. He further testified that he had never before seen two of the police officers, and that he had first seen the

other officer when he had been arrested, several months after the alleged sales.

"Where a defendant seeks reversal on the general grounds, 'the only question presenting itself to the appellate court is whether there is sufficient evidence to support the verdict. [Cit.] It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict. . . . [Cits.]['] [Cit.] From our review of the evidence we find that '*any* rational trier of fact could have found the essential elements of the crime(s) beyond a reasonable doubt.' *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) [1979]." *Boyd v. State*, 168 Ga. App. 246, 248 (308 SE2d 626) (1983). See also *Miller v. State*, 163 Ga. App. 889 (1) (296 SE2d 182) (1982); *Little v. State*, 165 Ga. App. 389 (300 SE2d 540) (1983); *Laws v. State*, 153 Ga. App. 166 (1) (264 SE2d 700) (1980).

2. Appellant enumerates as error the denial of his motion to sever for trial two of the four charges against him.

"Two or more offenses may be tried together if they: '(a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.' [Cit.] Where two or more offenses are joined only because they are of the same or similar character, the trial court, upon motion of the defendant, must order separate trials for each of the offenses. [Cit.] But when they are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, '. . . the court in the interest of justice *may* order that one or more of such charges be tried separately.' [OCGA § 16-1-7 (c)]. [Cits.]" (Emphasis in original.) *Gober v. State*, 247 Ga. 652, 653 (278 SE2d 386) (1981).

In the instant case, two of the charges were based upon appellant's first transaction with the undercover agent, and the remaining two counts arose from the second transaction, which took place eight days later. In both incidents, appellant sold cocaine to the same police officer. Both incidents occurred in the same vicinity, one in midafternoon and the other in the early evening. The modus operandi of the perpetrator was the same on both occasions. Some of the same witnesses gave testimony as to both incidents. These factors clearly demonstrate that there was more reason for joining the offenses for trial than simply that they were "of the same or similar character." Thus, the decision not to sever the offenses for trial was within the trial court's discretion. See *Davis v. State*, 158 Ga. App. 549 (1) (281 SE2d 305) (1981). The trial court did not abuse its discretion in denying appellant's motion to sever. *Jones v. State*, 168 Ga. App. 652 (310 SE2d 17) (1983); *Johnson v. State*, 158 Ga. App. 398 (280 SE2d 419)

(1981). Compare *Davis v. State*, 159 Ga. App. 356 (1) (283 SE2d 286) (1981).

3. Appellant asserts that the trial court erred in overruling his objections to two questions propounded by the State during voir dire.

OCGA § 15-12-133 provides in relevant part: "[C]ounsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the case, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action or the counsel or parties thereto. . . ." The trial court has discretion to determine whether a question is permissible under this code section. See generally *Hart v. State*, 137 Ga. App. 644 (224 SE2d 755) (1976); *Henderson v. State*, 251 Ga. 398, 399 (1) (306 SE2d 645) (1983).

"Conduct of voir dire is within the discretion of the trial court and the court's rulings are presumed proper in the absence of some manifest abuse of discretion. [Cit.]" *Godfrey v. Francis*, 251 Ga. 652, 662 (308 SE2d 806) (1983). There was no such abuse of discretion in permitting the State to inquire whether a prospective juror had ever been the victim of a crime. *Lamb v. State*, 241 Ga. 10, 12 (1) (243 SE2d 59) (1978). Nor was there an abuse of discretion in allowing an inquiry concerning a prospective juror's experience with children or students who had taken drugs. Since appellant was charged with selling illegal drugs, the question was clearly within the parameters of OCGA § 15-12-133. See *Craig v. State*, 165 Ga. App. 156 (1) (299 SE2d 745) (1983).

4. Appellant next enumerates as error the trial court's refusal to require that the identity of the undercover agent's confidential informant be revealed. Appellant contends that the informant's identity was not privileged because he participated in the drug sale which was the basis of the first two counts against appellant.

We find no evidence of such participation by the informant in the instant case. The record shows that the informant and the undercover agent went to a specified place where appellant was found. The informant introduced the agent to appellant and stated that the agent wanted to buy some heroin. The informant then merely stood nearby while appellant and the officer engaged in the purchase and sale of illegal drugs. Thus, the informant's role was limited to locating appellant and performing an introduction. " 'Where . . . a person merely takes an undercover police officer to a location and identifies, or introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, . . . such person is an informer and not a "decoy" and a disclos-

ure of his name, address, etc., to the defendant is not required as a matter of law . . . but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the [S]tate under all the facts and circumstances.' [Cit.]" *Childs v. State*, 158 Ga. App. 376 (280 SE2d 401) (1981). See also *Gilmore v. State*, 168 Ga. App. 76, 77 (308 SE2d 232) (1983). Here, where appellant did not plead entrapment and "where it appears that disclosure of the informant's identity would at most serve to provide possible testimony to impeach the agent's testimony, we do not find nondisclosure an abuse of discretion by the trial court. [Cit.]" *Little v. State*, supra at 392. See also *Miller v. State*, supra at 890 (2).

5. Appellant next assigns as error the admission of testimony concerning the two fifty-dollar bills found on his person. Appellant contends that that evidence was the product of an unlawful search. However, we have scrutinized the particular facts and circumstances of the surveillance officers' confrontation with appellant, particularly their probable cause to believe that appellant possessed evidence of a crime, and their reason to believe that that evidence would be lost absent prompt action by them. We find that their inspection of appellant's roll of money did not violate his constitutional rights against unreasonable searches and seizures. See generally *Collins v. State*, 161 Ga. App. 546 (1) (287 SE2d 708) (1982); *Bogan v. State*, 165 Ga. App. 851, 852 (2) (303 SE2d 48) (1983).

6. Appellant was not arrested until several months after the commission of the offenses with which he was charged, and approximately seven weeks after the return of the indictment against him. He asserts on appeal that the delay in his arrest was excessive and violated his right to due process of law.

It appears that "[t]his complaint is made for the first time on appeal and presents nothing for decision. [Cits.] In any event the complaint is without merit. [Cits.]" *Johnson v. State*, 128 Ga. App. 69 (1) (195 SE2d 676) (1973). " 'There is no constitutional right to be arrested.' [Cits.] An arrest may be made either before or after an indictment. [Cit.] [Appellant] had no constitutional right to be arrested earlier than he was ([cit.]), and we are unaware of any right he had to be arrested at a particular time. [Cit.]" *Blackwell v. State*, 139 Ga. App. 477, 478-479 (228 SE2d 612) (1976). " 'No actual prejudice to the conduct of the defense is alleged or proved, and there is no showing that the [State] intentionally delayed to gain some tactical advantage over [appellant] or to harass [him]. [Appellant] rel[ies] solely on the real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost. In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that [appellant did not] receive a fair trial.' . . .' [Cit.]" *State v. Madden*, 242

Ga. 637, 638 (250 SE2d 484) (1978). See also *Croom v. State*, 165 Ga. App. 676 (1) (302 SE2d 598) (1983). Appellant's due process rights were not violated.

7. Appellant also enumerates as error the trial court's instructions to the jury on direct and circumstantial evidence. He contends that the charge constituted an improper comment on the evidence and an intimation of opinion by the court in contravention of OCGA § 17-8-55.

In illustrating the distinction between direct and circumstantial evidence, the trial court mentioned examples from evidence which had been presented in the case. The context of the challenged remark was: "The State contends for instance that the defendant in this case is guilty of selling certain drugs and the witness comes in and testifies that [he] bought the drugs directly from him. That is direct testimony, direct evidence."

" 'Where, in charging the jury, the court correctly states the law governing the case, but exception is taken to an illustration used by the court explanatory of a legal principle, this court will not narrowly scrutinize the illustration if satisfied that, whether right or wrong, it was not calculated to mislead, and did not in fact mislead the jury.' " *Hamilton v. State*, 169 Ga. 613, 618 (2) (151 SE 17) (1929). "We find no expression of opinion in [a] clear and correct statement of the fact that there was testimony to [a particular] effect. The purpose for the trial court's statement was to [explain] a statement of the law pertaining to that testimony. ' "No proposition of law can be laid down without some implication of a state of facts as by possibility existing." ' [Cit.]" *Williams v. State*, 171 Ga. App. 934, 935 (2) (321 SE2d 429) (1984).

Moreover, the trial court also expressly and specifically emphasized to the jury that "anything that the court said or did during the trial of this case was not intended to and did not intimate, hint, or suggest to you which of the parties should prevail in this case. You should not be concerned with what the court thinks about it. It's entirely a matter for you to decide. Whichever of the parties is entitled to a verdict in this case is entirely a matter for you jurors to determine. . . . The court's interest in the matter is that the case be fairly tried and presented according to the law. . . ." " 'A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound.' [Cit.]" *Ray v. State*, 157 Ga. App. 519, 520 (277 SE2d 804) (1981). See also *Lumpkin v. State*, 249 Ga. 834, 837 (3) (295 SE2d 86) (1982). Compare *Dean v. State*, 168 Ga. App. 172, 174 (3) (308 SE2d 434) (1983). When viewed in its entirety, the charge in the instant case did not amount to an improper comment by the trial court or an intimation of its opinion as to appellant's guilt.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 30, 1985.

*Carl P. Greenberg*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Alfred D. Dixon, Assistant District Attorneys*, for appellee.