A89A0168. JONES v. THE STATE.
(381 SE2d 575)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of five counts of violating the Georgia Controlled Substances Act. He appeals from the judgments of conviction and sentences that were entered on the jury's guilty verdicts.

1. Appellant enumerates as error the denial of his motion to suppress.

The evidence adduced at the hearing on appellant's motion would authorize the trial court to make the following findings: Officers received a tip from a confidential and reliable informant regarding the possession of cocaine by an "organization" whose members were currently staying in a local motel. The tip was both detailed and specific. According to the informant, he had, on the prior evening, personally observed the use of cocaine in Room 328 of the motel and had been told that the "organization" was in possession of approximately 2 kilos of cocaine and $15,000 in cash. The informant supplied the officers with names, including appellant's, and he also described the vehicles that belonged to the members of the "organization," including a silver Toyota pickup truck. The officers went to the motel to corroborate the informant's information. They determined that Room 328 was registered to a Sonya James and that she was preparing to check out. The officers obtained a description of Ms. James and they observed as she and two male companions left the motel and walked towards a silver Toyota pickup truck in the parking lot. Ms. James' two male companions were appellant and Carter Hagler. Ms. James was carrying a red athletic bag. Hagler was carrying a brown grocery sack. After the bag and sack were deposited in the bed of the

pickup truck, but before the three could drive away, the officers approached and identified themselves. They requested consent to conduct a search. Appellant asked to phone his attorney and one of the officers accompanied him to the motel to make the call. Since the brown grocery sack was not completely closed, one of the officers observed that it contained several glass smoking pipes which he recognized as drug paraphernalia. Another officer observed that the sack also contained a paper packet which he recognized as the type of container commonly used for cocaine or heroin. The officers did not, however, seize the sack at that time but requested and received Hagler's consent to conduct a search of the bag. When cocaine was found in the paper packet, Hagler was arrested. Although Ms. James originally stated that she had no objection to a search of the red athletic bag, when the officer started to open the bag, she attempted to stop him. She was then arrested for obstruction of an officer. When the red athletic bag was opened, quantities of various types of drugs and drug paraphernalia were found. After the arrest of his two companions, appellant was placed under arrest for violating the Controlled Substances Act. A search of appellant's person incident to his arrest revealed cocaine and marijuana.

It appears that the trial court would have been authorized to conclude that the informant's tip, coupled with the officers' corroboration and personal observations, provided sufficient probable cause for an immediate warrantless search of the sack and the bag before the truck could be driven away. See generally *Turner v. State*, 173 Ga. App. 782 (328 SE2d 368) (1985). However, even assuming that probable cause and exigent circumstances for an immediate search did not exist, the trial court was clearly authorized to conclude that the officers had a sufficient articulable suspicion to justify an investigatory stop of the three individuals. See generally *Coley v. State*, 177 Ga. App. 669 (1) (341 SE2d 9) (1986). While conducting their investigation, the officers saw, in plain view, drug paraphernalia in the brown grocery sack. See generally *Williams v. State*, 171 Ga. App. 934 (1) (321 SE2d 429) (1984). Although this would have justified the immediate seizure of the sack, the officers nevertheless requested and received Hagler's consent to conduct a search. See generally *Mancil v. State*, 177 Ga. App. 663 (340 SE2d 279) (1986). Having confirmed that the brown grocery sack did contain cocaine, the officers were authorized to conduct a warrantless search of the entire truck, including the red athletic bag, with or without consent. See generally *McKinney v. State*, 184 Ga. App. 607, 610 (3) (362 SE2d 65) (1987). Having found drugs in both the sack and the bag, the officers had probable cause to arrest appellant as a party to the crime of violating the Controlled Substances Act and they were authorized to conduct a search of his person incident to that arrest. See generally *Dasher v. State*,

166 Ga. App. 237, 238 (1) (304 SE2d 87) (1983). The trial court did not err in denying appellant's motion to suppress.

2. Appellant enumerates the general grounds, urging that the verdicts of guilty were against the weight of the evidence.

This court considers the sufficiency of the evidence and not its weight. See generally *Barnes v. State*, 171 Ga. App. 478, 480 (1) (320 SE2d 597) (1984). The evidence showed that, at the time of his arrest, appellant was accompanied by Ms. James and Hagler. Ms. James was observed to place a red athletic bag containing drugs into the truck. Hagler was observed to place a brown grocery sack containing drugs into the truck. Appellant had drugs on his person. Hagler pled guilty and testified against appellant. After review, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of violating the Controlled Substances Act beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 14, 1989.

*Jeffrey R. Sliz*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.