COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Bray and Senior Judge Hodges


SONOCO PRODUCTS COMPANY
AND
HOME INDEMNITY COMPANY
                                        MEMORANDUM OPINION[*]
v.   Record No. 2070-94-3                    PER CURIAM
                                         NOVEMBER 21, 1995
GERALD L. BLACK


                                      FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

            (Charles F. Midkiff; Ruth N. Carter;
            Midkiff & Hiner, on brief), for appellants.

            (Darren T. Delafield, on brief), for appellee.



     Sonoco Products Co. and its insurer (hereinafter
collectively referred to as "employer") contend that the Workers'
Compensation Commission erred in determining that (1) Gerald L.
Black's carpal tunnel syndrome is a "disease" within the meaning
of "disease" under the Workers' Compensation Act, and (2) his
carpal tunnel syndrome constituted a compensable occupational
disease under Code § 65.2-400.  Upon reviewing the record and the
briefs of the parties, we conclude that this appeal is without
merit.  Accordingly, we summarily affirm the commission's
decision.  Rule 5A:27.

### Background

     Black began working for employer in 1987 as a production
worker.  He was eventually promoted to lead core-cutter.  In his

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

job, Black loaded 160 inch long lengths of core tubes onto a cart and took them to various work locations, where he cut them into various lengths ranging from three inches to 105 inches.  After the core was cut, Black grasped it with his right hand by pinching his thumb against his fingers.  Then he pulled the core from the cutter with his right hand and stacked it.  Black spent five hours of each eight-hour shift working on these tasks.  He cut approximately 650 to 700 cores during this five-hour period.  He spent the rest of his shift performing other tasks such as baling, sweeping, and cam cutting.

Outside of his employment, Black did some gardening with his wife and children, consisting of planting and simple maintenance.  In 1990, he purchased a wood burning stove which he uses for supplemental heat.  During the falls of 1990 and 1991, Black and several other individuals cut and split logs over a two-month period.  Black testified that he did not notice any problems with his hands while working on the wood in 1991 or immediately thereafter.  In the fall of 1992, Black received another load of logs.  However, he did not participate in the cutting or splitting of this load, because he was having problems with his hands.  Black stated that he went deer hunting five times in 1992, but that he did not shoot, clean, or dress any deer.

Black first noticed tingling, numbness, and pain in his right hand while at work in November 1991.  Prior to November 1991, Black had not suffered from tingling, numbness, or pain in

2

his hands.  On May 5, 1993, Black began treatment with Dr. Brian A. Torre, a hand surgeon.  On that date, Dr. Torre diagnosed carpal tunnel syndrome.  Based upon the hand gripping Black performed in order to maneuver the tubes, Dr. Torre opined that Black's condition appeared to be caused by his employment.  At that time, Dr. Torre was not aware of any outside factors that might have caused Black's carpal tunnel syndrome.  In June 1993, Black underwent release surgery.  In a February 22, 1994 letter, Dr. Torre opined that Black's carpal tunnel syndrome constituted an occupational disease causally related to his work activities.

In his March 16, 1994 de bene esse deposition, Dr. Torre described carpal tunnel syndrome as follows:  "It is excessive pressure on the median nerve as it passes across the wrist from a ligament that holds the nerve and tendons in place."  Dr. Torre stated that the pressure can be caused by "swelling in the tunnel, from excessive tendon usage, from repetitious use of the hands . . . from vibratory stimulus . . . [or a person might have] the signs and symptoms without any specific cause."  He further explained that carpal tunnel syndrome is commonly caused by "[r]epetitious pinching and grasping requiring straining or forceful use of the fingers," which compresses the median nerve between the tendons and the ligaments.  Dr. Torre stated that he would not consider Black's wood cutting, deer hunting, or gardening activities causal factors in his developing carpal tunnel syndrome, unless Black's symptoms began during these

3

activities or immediately thereafter.

I.

Based upon the totality of Dr. Torre's testimony, the commission found that Black's carpal tunnel syndrome constituted a "disease" that resulted from his particular work activities in which he frequently used his hands and fingers.

We recently held in Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995), that the general medical definition of carpal tunnel syndrome places it within the definition of disease set forth in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993). As in Perdue, Black's condition did not present as an obvious, sudden, mechanical or structural change in his body. Based upon our holding in Perdue and upon Dr. Torre's diagnosis, we conclude that credible evidence supports the commission's finding that Black's carpal tunnel syndrome is a condition characterized as a "disease" within the meaning of the Act.

II.

In order for a disease to be compensable under Code § 65.2-400, each of six conditions contained therein must be met. A claimant must meet a more rigorous standard of proof, as set out in Code § 65.2-401, where the claimant's occupational disease may have resulted from substantial exposure outside of the employment.

The commission did not err in treating Black's carpal tunnel syndrome as a compensable occupational disease under the

5

requirements of Code § 65.2-400.  Here, the commission found no evidence of substantial exposure to the causes of carpal tunnel syndrome outside of Black's employment.  The testimony of Black and Dr. Torre provide credible evidence to support this finding.  Dr. Torre stated that Black's gardening, deer hunting, and wood cutting activities would not be causal factors in his developing carpal tunnel syndrome, as long as he did not develop any symptoms of the disease during these activities or immediately thereafter.  Black testified that he did not notice any symptoms while cutting or splitting wood in 1991 or immediately thereafter.  In addition, there is no evidence that Black noticed any symptoms while gardening or deer hunting.

On appeal, the commission's findings must be construed in the light most favorable to the prevailing party below. Piedmont, 17 Va. App. at 504, 438 S.E.2d at 773 (citing Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 330 S.E.2d 916, 916 (1986)).  "Whether a disease is causally related to the employment and not causally related to other factors is . . . a finding of fact."  Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988) (citation omitted).  Credible evidence supports the commission's finding.  Dr. Torre clearly related Black's syndrome to his work.  There was no medical evidence to the contrary, and no evidence that Black's disease resulted from substantial exposure outside of his employment.

For these reasons, the commission's decision is affirmed.

<u>Affirmed.</u>