A10A2364. FLOOR PRO PACKAGING, INC. v. AICCO, INC.
(708 SE2d 547)

ADAMS, Judge.

The sole issue in this appeal is whether the trial judge erred in not allowing Floor Pro Packaging, Inc., to question potential jurors about any affiliation they may have had with American International Group, Inc. ("AIG") during voir dire in Floor Pro's suit against AICCO, Inc. Floor Pro asserts on appeal that AICCO is an AIG subsidiary and thus it should have been allowed to inquire in voir dire as to any "potential financial relationship jurors may have currently or in the past with AIG to determine whether any of the juries [sic] may have prejudice against Floor Pro." We find no error.

This case stems from a fire loss Floor Pro suffered in April 2005 that was not covered by liability insurance because the policy had been cancelled for nonpayment. Following the fire, Floor Pro brought a breach of contract action[1] against "AICCO, Inc. d/b/a Imperial A. I. Credit Companies" and other named defendants. AICCO was the insurance premium finance company through which Floor Pro financed its liability policy. The complaint alleged that AICCO breached the parties' finance agreement by failing to credit its account in a timely fashion with $2,100 in refunded premiums from a workers' compensation insurance policy that never went into effect.

Although Floor Pro listed AICCO as "AICCO d/b/a Imperial A. I. Credit Companies" in the caption of its complaint, it apparently changed the caption in a later pleading to refer to AICCO as "AICCO, d/b/a Imperial A. I. Credit Companies; *a member of American International Group, Inc. (AIG)*." (Emphasis supplied.) In response, AICCO filed a motion in limine to preclude Floor Pro from "men-

---

[1] Floor Pro also asserted claims for negligence, material misrepresentation, bad faith and punitive damages.

tioning irrelevant corporate affiliations of AICCO during the course of the trial" in any address to the jury. AICCO asserted that Floor Pro's caption change was "a thinly veiled attempt to exploit the public's negative perception of [AIG]." In the motion, AICCO asserted that its corporate relationship with AIG was as follows: "AICCO, Inc. (DE) is a subsidiary of AIG Credit Corp.[,] which is a subsidiary of AIG Capital Corp. which is a subsidiary of [AIG]." Floor Pro does not dispute that relationship.

The trial court heard argument on the motion in limine on the first day of trial. Floor Pro's counsel represented that she intended to refer to AIG only during voir dire to explore whether any juror was a shareholder, officer, director or was involved in management, risk management or "anything associated with AIG." After considering the parties' argument, the trial court granted AICCO's motion, directing Floor Pro that it would not be allowed "to ask any questions during voir dire about any affiliation with AIG."

The parties proceeded to trial and the jury returned a defense verdict. Floor Pro filed a motion for new trial asserting that the trial court erred in granting the motion in limine. Floor Pro sought a new trial under OCGA § 5-5-23, which permits a new trial upon the discovery of material evidence related to new and material facts discovered after a verdict has been rendered and OCGA § 5-5-25, which allows a trial court to grant a new trial in its discretion on other grounds. In support of the motion, Floor Pro attached, inter alia, a copy of AIG's 2008 Form 10K filing with the United States Securities and Exchange Commission and an article from the Wall Street Journal from March 30, 2009.

Floor Pro noted that the SEC form reflected that AIG was a holding company and that its ability to meet its financial obligations was dependent upon payments from its various subsidiaries, including AICCO. Because AICCO had no indemnity insurer, Floor Pro asserted that any loss suffered by the finance company would affect AIG's revenue sources. The company argued that a juror might have known of the relationship between AICCO and AIG and if that juror had a financial relationship with AIG, the juror could have " 'blamed' " Floor Pro "as one of many debtors that were [sic] late in loan repayments or defaulted on loans as responsible, at least in part, for losses in investment portfolio with AIG." Alternatively, "[o]ther jurors could be angry with the taxpayer bailout of AIG and hold debt defaults as responsible." Floor Pro noted, for example, that the foreman of the jury was a consultant for Hewlett-Packard, a company that Floor Pro contends had a "close relationship" with AIG "involv[ing] hundreds of millions dollars in business," citing the Wall Street Journal article, which reflected that the IRS had disallowed a tax credit claimed by Hewlett-Packard through an entity

financed in part by AIG.

"The purpose of voir dire is to allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination." (Punctuation and footnote omitted.) *Williams v. State*, 259 Ga. App. 742, 744 (2) (578 SE2d 128) (2003). "A trial court exercises its discretion when limiting those questions that may be asked of prospective jurors during voir dire, and we will not interfere with such discretion absent manifest abuse." (Footnote omitted.) Id. Moreover, a trial court does not err in "limiting repetitive, misleading, and irrelevant questions." *Gissendaner v. State*, 272 Ga. 704, 709 (4) (532 SE2d 677) (2000).

The only limitation placed on voir dire was a prohibition against asking "any questions . . . about any affiliation with AIG." Thus, Floor Pro was not prohibited from asking more general questions that could have ferreted out the potential bias it now claims was so critical. For example, Floor Pro questioned jurors about any affiliation they or their family may have had with insurance companies in general. And AICCO's counsel questioned the jurors regarding their views as to a debtor's obligation to repay its debts. But Floor Pro made no attempt to question the jurors, for example, as to whether they owned stock in any insurance companies or whether they blamed defaulting debtors for the current economic climate or any ensuing government bailouts. Thus the company failed to explore other avenues open to it for detecting juror bias. Having reviewed the voir dire in this case, we conclude that it "was broad enough to ascertain the fairness and impartiality of the prospective jurors." (Citation and punctuation omitted.) *Gissendaner*, 272 Ga. at 709 (4).

This case is distinguishable from the cases cited by Floor Pro involving indemnity insurers, where the Georgia appellate courts have held that presumption of harmful error arises when the trial court fails to qualify jurors as to any relationship with a defendant's insurer and a defense verdict results. See *Atlanta Coach Co. v. Cobb*, 178 Ga. 544 (174 SE 131) (1934); *Reynolds v. Satterfield*, 86 Ga. App. 816 (72 SE2d 811) (1952). Where a corporation is not an insurer, "no presumption of harmful error arises absent an affirmative showing to the trial court by the proponent of such qualification that there is a strong probability that insurance companies that are not insurers of the parties have a direct, demonstrable financial stake in the outcome of the case." (Citations omitted.) *Wallace v. Swift Spinning Mills*, 236 Ga. App. 613, 615 (1) (511 SE2d 904) (1999). Here, AIG was not AICCO's insurer, and Floor Pro did not provide the trial court with proof of any direct, demonstrable financial stake by AIG

in the case's outcome.[2] See id. (court not required to qualify as to noninsurers and proof of indemnity obligation not established by allegation that noninsurers share common parent corporation with insurer).

Moreover, Floor Pro never asked that the jurors be "qualified" as to AIG and, in fact, conceded that qualification was not available because the company was not a party to the litigation. Rather, the company consistently maintained that it only sought to explore the issue of any bias in connection with AIG. Under these circumstances, Floor Pro had an obligation to show the trial court at least some relevance for the proposed line of questioning, and because Floor Pro failed to make that showing, we find that the trial court acted within its discretion in granting AICCO's motion in limine. Accordingly, the trial court properly denied Floor Pro's motion for new trial on this ground.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MARCH 18, 2011.

*Genevieve L. Frazier*, for appellant.
*Holland & Knight, Cynthia G. Burnside*, for appellee.

---

[2] Nor did Floor Pro establish any actual harm arising from the jury foreman's employment as a consultant with Hewlett-Packard by merely referencing a newspaper article reflecting that the company, at least at one time, did business with AIG.