**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 12, 2023**

# In the Court of Appeals of Georgia

A23A1039. ALLIGOOD et al. v. PIEDMONT MEDICAL CARE   McF-044 CORPORATION, INC. et al.

MCFADDEN, Presiding Judge.

Janice Alligood filed this medical malpractice action, alleging that the defendants' negligence resulted in the death of her husband. Alligood appeals from a judgment on a defense verdict. She argues that the trial court erred by denying her motion to exclude from the venire prospective jurors who had not been vaccinated against COVID-19 and by refusing to allow her to question jurors about their vaccination status. Alligood has failed to show reversible error. So we affirm.

1. *Refusal to exclude unvaccinated jurors from the venire*.

Alligood filed a motion to exclude unvaccinated jurors from the venire on the ground that unvaccinated persons are dangers to all whom they encounter. The

defendants opposed the motion, and the trial court denied it, noting that the court would comply with the chief judge's administrative order regarding health and safety in the courthouse complex as well as the Fulton County Department of Public Health guidelines for conducting court proceedings.

Alligood argues that the trial court erred because counsel and the parties have possible COVID-19 risk factors, and there is a reasonable possibility that more than 43 percent of the venire was unvaccinated and thus a danger to the parties and counsel. "An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful." *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454, 455 (2) (b) (415 SE2d 4) (1992). Alligood does not argue and has not shown how the trial court's denial of her motion harmed her.

2. *Proposed voir dire question*.

Alligood argues that the trial court erred by refusing to allow her to ask prospective jurors a question about COVID-19 vaccination status during voir dire. She has not shown that the trial court abused his discretion.

The record shows that Alligood submitted written, proposed voir dire questions, which included the question, "Have you been vaccinated for COVID-19?"

Before voir dire began, the trial court informed the parties that he would not allow that question to be asked.

OCGA § 15-12-133 provides,

In the examination [of the panel of prospective jurors from which the jury is to be selected], the counsel for either party shall have the right to inquire of the individual prospective jurors examined touching any matter or thing which would illustrate any interest of the prospective juror in the case, including . . . any fact or circumstance indicating any inclination, leaning, or bias which the prospective juror might have respecting the subject matter of the action . . . .

However, "[a] trial court exercises its discretion when limiting those questions that may be asked of prospective jurors during voir dire, and we will not interfere with such discretion absent manifest abuse." *Floor Pro Packaging v. AICCO, Inc.*, 308 Ga. App. 586, 588 (708 SE2d 547) (2011). The court's discretion includes "determin[ing] whether a question is permissible under [OCGA § 15-12-133,] . . . and the court's rulings are presumed proper in the absence of some manifest abuse of discretion." *Ridgeway v. State*, 174 Ga. App. 663, 665 (3) (330 SE2d 916) (1985) (citations and punctuation omitted). See generally *Claxton Poultry Co. v. City of Claxton*, 155 Ga. App. 308, 312 (2) (271 SE2d 227) (1980) (trial court is entrusted with broad discretion in conducting voir dire).

Alligood argues that her case was built on scientific evidence, so it was important to her to have jurors who were receptive to scientific evidence. She argues that she believes that people who refuse vaccinations generally oppose scientific learning and that her proposed question would have enlightened her about prospective jurors' deeply held scientific beliefs. But she did not make this argument to the trial court. See *Brockman v. State*, 292 Ga. 707, 720 (8) (739 SE2d 332) (2013) (defendant "raised no objections on the stated grounds at the time of voir dire and, thus, has not preserved [claim that court improperly restricted voir dire] for appeal"); *Riley v. State*, 278 Ga. 677, 685 (6) (A) (604 SE2d 488) (2004) ("[T]he record reveals that [defendant] did not object to the court's preventing him from asking [the] question[ ]. . . . Therefore, this claim is not preserved for appeal. . . .").

In any event, Alligood's "bare assertion that the question was designed to reveal a[n anti-science] bias [based on her belief that those who refuse vaccinations oppose scientific learning], does not suffice to show an abuse of discretion by the trial court." *Samples v. State*, 217 Ga. App. 509, 510 (2) (b) (460 SE2d 795) (1995) (trial court's refusal to allow defendant to ask prospective jurors if they were active in politics in an attempt to determine whether they had a pro-prosecution bias was not an abuse of discretion). See also *Pace v. State*, 271 Ga. 829, 836 (14) (524 SE2d 490)

4

(1999) ("The trial court did not abuse its discretion by refusing to permit [defendant] to question prospective jurors about bumper stickers they had on their cars.").

We note that the trial court did not order the parties to refrain from asking questions regarding the prospective jurors' beliefs in science. "Thus, [Alligood] was not prohibited from asking more general questions that could have ferreted out the potential bias [she] now claims was so critical." *Floor Pro Packaging*, 308 Ga. App. at 588. (2011) "[U]pon our review of the entire voir dire, we find no reversible error." *Willis v. State*, 304 Ga. 686, 708 (12) (820 SE2d 640) (2018).

*Judgment affirmed. Brown and Markle, JJ., concur.*